[L. A. No. 1444.   Department One.—January 16, 1906.]

## ADA S. PREFUMO, Respondent, v. C. J. RUSSELL et al., Appellants.

MOTION FOR NEW TRIAL—BILL OF EXCEPTIONS—SERVICE OF AMENDMENTS BY MAIL—TIME FOR DELIVERY TO CLERK.—Where the service of amendments to a proposed bill of exceptions to be used on motion for a new trial is made by mail, the proponent of the bill has, under section 1013 of the Code of Civil Procedure, one additional day for each twenty-five miles of the distance in which to deliver the proposed bill and amendments to the clerk, not exceeding ninety days in all.

ID.—ACKNOWLEDGMENT BY LETTER—EXTENSION OF TIME NOT AFFECTED. —The acknowledgment by the proponent of the bill of exceptions by letter of the receipt of the proposed amendments cannot operate to deprive the proponent of the extension of time given him by statute in which to deliver the bill and amendments to the clerk, nor constitute a waiver thereof.

ACTION TO QUIET TITLE — DEFENSE — CONTRACT OF PURCHASE — AGREEMENT FOR DEED TO SECURE DEBT—FINDINGS AGAINST EVIDENCE.—In an action to quiet title, where the uncontradicted evidence sustains the defense that defendants had a contract to purchase the land

from the owners, that it was agreed between the defendants, the owners, and plaintiff's husband that the latter should advance the balance due, and that a deed should be made to him by the owners to secure such balance, besides other indebtedness of defendants, that plaintiff's husband deeded the land to plaintiff without consideration, and that defendants were in possession of the land, the plaintiff's right thereto is in effect no more than a mortgage; and findings in favor of the plaintiff are against the evidence.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Marcel E. Cerf, for Appellants.

W. H. Spencer, for Respondent.

SHAW, J.—The defendants appeal from a judgment in favor of the plaintiff and from an order denying the defendants' motion for a new trial.

The respondent makes a preliminary objection to the consideration of any of the points arising upon the motion for a new trial upon the ground that the bill of exceptions was not properly settled and is not a part of the record. The judgment was rendered on January 24, 1903. The defendants served on the plaintiff's attorney their proposed bill of exceptions, and thereafter, on March 18, 1903, the plaintiff's attorney served on the attorney for the defendants his proposed amendments thereto. The bill and amendments thereto, thus proposed, were not within ten days thereafter presented to the judge for settlement nor filed with the clerk for the judge. They were filed with the clerk for the judge on March 31, 1903, which was thirteen days after the service. Section 650 of the Code of Civil Procedure requires the party proposing the bill to either present them to the judge for settlement or deliver them to the clerk for the judge within ten days after the service on him of the proposed amendments. The objection made to the settlement of the bill was that the bill and amendments were delivered to the clerk for the judge too late, and that the proceeding for the settlement of the bill consequently lapsed. The facts

were that the attorney for the plaintiff, who served the proposed amendments, at that time resided and had his office in San Luis Obispo; that the attorney for the defendants, on whom the service was made, at that time resided and had his office in San Francisco, and the service of the proposed amendments was made by mail, under the provisions of sections 1012 and 1013 of the Code of Civil Procedure, the distance between the two places, according to the stipulation of the parties, being two hundred and fifty miles. Section 1013 provides that in such cases the service is complete at the time the paper is deposited in the post-office at the place of residence of the person making the service, "but if within a given number of days after such service a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done is extended one day for every twenty-five miles distance between the place of deposit and the place of address, such extension, however, not to exceed ninety days in all." The effect of this provision of section 1013 is to extend this time in the present case ten days, so that the defendant had twenty days in all after such deposit in the post-office within which to make the delivery to the clerk, and consequently the delivery on March 31st was within the time allowed, and was sufficient.

The plaintiff sought to avoid the effect of section 1013 by showing that on March 21, 1903, after he had received the proposed amendments through the mail, the attorney for the defendants wrote a letter to the plaintiff's attorney, inclosing a copy of his notice of appeal from the judgment in the action, and further stating, "I wish to acknowledge due service of your proposed amendments to my proposed bill by receipt thereof yesterday, March 20, 1903." This, counsel claim, was equivalent to personal service of the amendments on March 20th, and had the effect of setting the time running on that date for the delivery of the bill and amendments to the clerk for the judge and of waiving the additional time given by section 1013 in case of service by mail. The claim is that this admission of service had the same effect as if there had been no attempt to serve the paper by mail, and that the time began to run as if there had

been personal service on the day the amendments were, according to the admission, actually received by the defendants' attorney in San Francisco. We think the court below correctly held that this claim was untenable. In case of any dispute in regard to the fact or time of service, the admission would of course be very satisfactory evidence thereof, but we do not think that with respect to the question of the time within which the next successive step in the proceeding was to be taken by the adverse party it should be held to be a waiver of any part of the time given by the statute in case of service by mail. Express words, or the equivalent thereof, should be required to constitute such a waiver. If the plaintiff's position were correct, all that would be necessary in case of service by mail would be to show that there had been actual receipt of the paper in the usual course of mail delivery, and thereupon to invoke the rule that actual receipt is equivalent to personal service, and by that means change the character of the service from a mail service to personal service, and practically in every case materially shorten the time allowed by law for the doing of an act after such service. An admission by counsel is only a species of evidence of such actual receipt, and conclusive proof thereof could often be made by other means, with the result that the time allowed would be rendered altogether uncertain and dependent on matters not of record.

The plaintiff relies on the cases of *Heinlen* v. *Heilbron,* 94 Cal. 636, [30 Pac. 8], and *Shearman* v. *Jorgensen,* 106 Cal. 483, [39 Pac. 863], as establishing the contrary. We do not think they have that effect. Neither of those cases presented any such question. In the first case there was a dispute concerning the fact of the service of a notice of appeal. An attempt had been made to serve it by mail, but the attempt was abortive, so far as such service was authorized by the statute, because the statutory method had not been followed in that the notice had not been addressed to the place of residence or location of the office of the party on whom it was to be served. As a statutory service by mail, the mere deposit in the post-office without the proper address was void. But it appeared that the notice was for-

warded from the place to which it was addressed to his place
of residence, and was actually received by him within the
proper time. It was held that under the circumstances, and
for the purposes of opposing a motion to dismiss the appeal
for want of service of the notice of appeal, the actual re-
ceipt of the notice by the party to whom it was addressed,
and upon whom it was to be served, within the time allowed,
was a personal service thereof, regardless of the question of
there having been a sufficient substituted service by mail,
and that this was sufficient to give the court jurisdiction of
the appeal. The question of the effect of such actual delivery
upon the time allowed in case of a good service by mail, or
in any case, did not arise, and was not discussed. In the
Shearman case, the question arose with respect to the ser-
vice by mail of a notice of the overruling of a demurrer to
the complaint. The notice was actually received by the at-
torney for the defendants, and the service was also good
as a substituted service by mail under sections 1012 and
1013 of the Code of Civil Procedure. The defendants failed
to file any answer to the complaint, and long after his time
for so doing had expired under either method of service his
default was taken and judgment entered against him. Fol-
lowing *Heinlen* v. *Heilbron,* 94 Cal. 636, [30 Pac. 8], the
court said that the actual receipt of the notice was equivalent
to personal service. Owing to the short distance between
the counties of San Francisco and Alameda, the time for
answering was the same under either method. There was
no question concerning the time. The only dispute was in
regard to the question whether or not the negligence of the
party was sufficiently excusable to justify the vacation of
the default and judgment, and it was held that there was
no sufficient excuse. Neither case is authority on the ques-
tion arising in this case. The bill was properly settled.

Upon the merits of the case it is clear that the findings
and judgment in favor of the plaintiff are erroneous, and
that the judgment and order must be reversed. The com-
plaint states a cause of action to quiet the plaintiff's alleged
title to certain tracts of land. The defense stated in the
answer is in substance that both plaintiff and defendants
claim under D. W. Grover and Hannah F. Grover; that

the defendants had, by assignment from Kramer, a contract to purchase the lands from the Grovers upon which there was due about six hundred dollars; that by an agreement then made between the defendants, the Grovers and P. B. Prefumo (plaintiff's husband), said Prefumo advanced for and on behalf of the defendants the said sum of six hundred dollars, and therewith paid the balance due under the contract, upon the promise of defendants that they would repay him the said sum; that it was also agreed at the time that the Grovers should convey the lands to said Prefumo, and that Prefumo should hold title thereto for the benefit of defendants and as security for the repayment of said sum of six hundred dollars, and also the sum of about $985 due him from them on account of another lien on or claim against said land; that in accordance with this agreement the Grovers conveyed the lands to said P. B. Prefumo, who thereupon held the same under the agreement as trustee for the defendants; that said Prefumo thereafter, and without consideration, conveyed said lands to the plaintiff, Ada S. Prefumo, and that a part of the indebtedness due said P. B. Prefumo, for which he held the land as security, has been paid, and the balance remains unpaid. The court found that each and every of these allegations of the answer were untrue, except that P. B. Prefumo had conveyed the lands to the plaintiff without a valuable consideration. By proper assignments of the insufficiency of the evidence the defendants challenge these findings. Although there are some particular details in which the evidence varies slightly from the facts alleged in the answer, yet in all substantial respects the averments are supported by uncontradicted evidence. Under the facts alleged and the evidence given, it is clear that the defendants had all the beneficial interest in the lands subject to the claim and lien thereon in favor of P. B. Prefumo for the payment of the sums advanced by him and due under the agreement made by him with the defendants. The defendants were in possession of the lands, so far as they can be said to have been occupied at all, and the plaintiff's right thereto is in effect no more than a mortgage to secure the money due under the agreement. (*Walton* v. *Karnes*, 67 Cal. 255, [7 Pac. 676]; *Millard* v. *Hathaway*,

27 Cal. 119, 140; *Hellman* v. *Messmer,* 75 Cal. 170, [16 Pac. 766]; *Thomas* v. *Jameson,* 77 Cal. 93, [19 Pac. 177].) The only legal method of enforcing such a claim is by foreclosure suit. The plaintiff being a voluntary purchaser, is in no better position than was her grantor at the time she purchased. The findings are unsupported by the evidence.

The judgment and order are reversed.

Angellotti, J., and McFarland, J., concurred.