[Sac. No. 1635.   Department One.—September 12, 1908.]

# WIRT MILLSAP, Appellant, v. DOUGLAS BALFOUR, Respondent.

STREET ASSESSMENT—SIDEWALK ON ONE SIDE OF STREET—ASSESSMENT MAY BE IMPOSED ON LOTS ON OPPOSITE SIDE.—Under the act of March 18, 1885, commonly known as the Vrooman Act, a lot of land situated on one side of a street may be assessed for the cost of constructing sidewalks along the opposite side. And this is so, although the owner of the land on the opposite side has already at his own expense constructed a sidewalk on that side.

ID.—VROOMAN ACT REPEALED INCONSISTENT PROVISIONS OF MUNICIPAL INCORPORATION ACT.—Section 771 of the Municipal Incorporation Act (Stats. 1883, p. 93), providing a method of assessing upon adjoining property the cost of street improvements in cities of the fifth class, has been repealed in so far as it is inconsistent with the later provisions of the Vrooman Act.

ID.—PLEADING — COMPLAINT — ATTORNEYS' FEES. — A complaint in an action to foreclose a street assessment, which otherwise states a good cause of action, is not demurrable for praying for attorneys' fees, even if it be admitted that such attorneys' fees cannot be constitutionally imposed.

APPEAL from a judgment of the Superior Court of Yolo County.  E. E. Gaddis, Judge.

The facts are stated in the opinion of the court.

E. B. Mering, for Appellant.

Hudson Grant, for Respondent.

SLOSS, J.—Action to foreclose assessment lien for street work.  Defendant had judgment upon the sustaining of his demurrer to the complaint.  Plaintiff appeals.

The board of trustees of the city of Woodland authorized the construction of a concrete cement sidewalk along the south side of Clover Street in said city, "excepting such portions thereof where concrete cement sidewalks have already been constructed and accepted."  A contract was duly let, and the work done.  The assessment on which this action is based assessed the cost of the work upon the lots fronting on both sides of Clover Street.  The defendant is the owner of a lot

fronting on the north side of the street, and the sole question presented is whether a lot situated on one side of the street may be assessed for the cost of constructing sidewalks along the opposite side.

The question must be decided upon a consideration of the terms of the act of March 18, 1885, commonly known as the Vrooman Act. (Stats. 1885, p. 147.) Section 771 of the Municipal Incorporation Act (Stats. of 1883, p. (93) 256, provides a method of assessing upon adjoining property the cost of street improvements in cities of the fifth class (which includes Woodland), but this section must be regarded as repealed in so far as it is inconsistent with the later provisions of the Vrooman Act. (*Thomason* v. *Ashworth,* 73 Cal. 73, [14 Pac. 615] ; *City Improvement Co.* v. *Broderick,* 125 Cal. 139, [57 Pac. 776].)

By section 2 of the act of March 18, 1885, the city council is authorized to order certain street work to be done. The construction of sidewalks is included in the classes of work enumerated. Subdivision 1 of section 7 provides that "the expenses incurred for any work authorized by this act . . . shall be assessed upon the lots and lands fronting thereon, except as hereinafter specifically provided . . ." Then follow several subdivisions providing other methods of assessment for various cases, none of which covers the present situation.

What, in the case of work done on one side of a public street, is meant by the phrase "shall be assessed upon the lands fronting thereon"? Is the cost to be assessed upon the lands fronting on both sides of the portion of the street improved, or on the lands fronting on the side of the street adjoining the improvement? The proper interpretation of this provision has been declared by this court in *San Diego Investment Co.* v. *Shaw,* 129 Cal. 273, [61 Pac. 1082]. There the work done was the grading of so much of a street as lay on the east side of its center line. It was held that the cost of the work was to be assessed against lots on both sides of the improved portion of the street. "It is claimed," say the court, "that the words 'fronting thereon' refer to the work done, and not to the street on which all the lots on both sides front. The position is untenable."

The case at bar cannot be distinguished from the one cited. The construction of sidewalks is authorized by section

2 of the act, the same section that empowers the council to order the grading of streets. The method of assessment provided by the act is the same for each case, viz.: the expense of the work is to be "assessed upon the lots fronting thereon." There is no reason for saying that the words "fronting thereon" mean one thing as applied to the grading of a street and another thing as applied to the laying of a sidewalk, the work in each case being done on only one side of the street. That both sides are to be assessed is the necessary conclusion from a reading of section 7 as a whole. Provision is made for exceptional cases in which the assessment is to be made upon lots on one side only. Subdivision 8 of section 7 declares that "when sewering or resewering is ordered to be done under the sidewalk on only one side of a street for any length thereof, the assessment for its expenses shall be made only upon the lots and lands fronting nearest upon that side . . ." This language indicates clearly the intent, in the particular case covered by subdivision 11, to assess upon the one side only. But subdivision 8 is the statement of an exception to the general rule of subdivision 1, that the cost is to be assessed upon the lots and land "fronting thereon." The exception would be unnecessary, indeed, meaningless, if under the general rule work done on one side of the street were to be assessed only against lots fronting on that side.

It is said in *San Diego Inv. Co.* v. *Shaw,* 129 Cal. 273, [61 Pac. 1082], that there is no injustice in the rule of the statute as we have construed it. The improvement of any portion of a street is presumed to work a benefit to the neighboring property. It is this assumed benefit which affords the justification for all assessments. No inequality results from the method of assessing both sides. If the owner of property on the side not improved is compelled to share the burden of furnishing a sidewalk on the further side of the street, he obtains a corresponding advantage when a sidewalk shall be constructed along *his* property. In this connection it is argued that the respondent has already, at his own cost, laid a sidewalk along his property line, and that, therefore, if a sidewalk is ordered on that side of the street, the portion already done must be excepted from any assessment made. (Subd. eleven of sec. 7.) He will thus have paid the entire cost of the side walk on his side, and be compelled to pay one

half of the cost of the walk on the opposite side. But the complaint does not show that any such work has been done, and the statement in the brief, unsupported by anything in the record, is entitled to no consideration. Furthermore, even if the fact were as suggested, it would have no importance in this discussion. Under the provisions of subdivision 1 of section ' 7, the respondent was entitled, whenever a sidewalk was ordered on his side of the street, to have one half of the cost assessed to the property on the opposite side. He was under no obligation to lay the walk in advance of any proceedings by the council. If he chose, for his own convenience and benefit, to so lay it without obtaining an agreement by the opposite owner to pay one half of the cost, the resulting expense was one which he voluntarily assumed.

We are cited to several cases in other jurisdictions declaring that a sidewalk is to be regarded as an appendage to the premises to which it is attached, and that its cost may be assessed to those premises alone. (*Wakefield Sanitary Authority* v. *Mander,* (L. R.) 5 C. P. Div. 248; *State* v. *Mayor,* 37 N. J. L. 415, [18 Am. Rep. 729]; *Borough of Greensburg* v. *Young,* 53 Pa. St. 280.) These decisions are based on statutes differing from our own. We do not doubt that the legislature would be justified in prescribing one rule for assessment in the case of sidewalks and another where work is done on the roadway. Our legislature, however, has not done so, and, as the entire matter is one for statutory regulation (subject, of course, to constitutional restrictions), the courts have only to apply the law as it is written.

The point that the payment of plaintiff's attorneys' fees cannot constitutionally be imposed upon the defendant goes merely to the extent of the relief to which the plaintiff may be entitled, and cannot be determined on a demurrer to a complaint which alleges facts from which a right to some relief arises.

The judgment is reversed, with direction to the court below to overrule the demurrer.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.