[Civ. No. 592.    Second Appellate District.—February 23, 1909.]

ADA S. PREFUMO, Respondent, v. C. J. RUSSELL, and ERNEST CERF, Appellants.

TRUST IN LEGAL TITLE FOR SECURITY—FORECLOSURE NOT REQUIRED—JUDGMENT QUIETING TITLE SUBJECT TO CONDITION OF PAYMENT IN REASONABLE TIME.—Where it appears that the owners of an equitable estate in real property under a contract of purchase, who had made part payment, conveyed their equity to a third person upon trusts declared by him, and it was afterward agreed between the parties that the trustee should pay the residue of the purchase money, and take the legal title from the vendor and possession by way of security therefor and for taxes to be paid, the transaction is not a mortgage requiring foreclosure, but a trust in the legal title, by way of security, and in an action by the trustee to determine the conflicting claims of the parties, it was proper for the court to find and adjudge that plaintiff has the title, and to quiet the same, subject to condition of the payment of the amount found due within a reasonable time fixed by the court, with interest from the date of the findings, upon payment of which the property should be conveyed to defendants.

ID.—DECISION UPON FORMER APPEAL NOT LAW OF CASE—FACTS MATERIALLY DIFFERENT.—Where the facts appearing upon the trial of the present case are materially different from those appearing upon a former appeal, when the transaction as it then appeared was held to constitute a mortgage requiring foreclosure, its decision is not the law of the case upon the present appeal.

ID.—RELIEF GRANTED THE ONLY REMEDY TO WHICH PLAINTIFF WAS ENTITLED.—The only remedy to which the plaintiff was entitled was to enforce the trust upon condition of paying the amount found due, which is, in effect, the relief granted under the findings and judgment.

10 Cal. App.—8

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Marcel E. Cerf, for Appellants.

W. H. Spencer, for Respondent.

ALLEN, P. J.—Action to determine conflicting claims to real property.

The findings of the court, all of which have support from the evidence, are substantially these: Defendants and certain other persons named were the owners in 1894 of an equitable estate in certain real property acquired through a contract for its purchase. Owning such equitable interest, they at that time executed a deed to one Prefumo, the husband of plaintiff, purporting to convey said premises, in connection with which Prefumo executed to his grantors an instrument in writing certifying that such deed was so executed in trust and the title to said property was accepted in trust for certain purposes therein declared. Thereafter, in December, 1894, the owners of the legal title insisting upon the payment of the balance of the purchase money due, Prefumo and his former grantors entered into another agreement through which it was agreed that Prefumo was to advance and pay the owners of the legal title the balance due them, and that a deed should be executed to Prefumo conveying the legal title to said property; that thereafter the defendants should sell said property in lots and from the proceeds Prefumo was to be reimbursed for the amount paid to acquire the legal title, and, in addition, should pay the other co-owners in the equity certain sums of money in lieu of their interest in the premises; that after such payment, if any property remained unsold, the same should be conveyed to defendants; that defendants were to have such interest in said property only in the event they paid to said Prefumo said moneys aforesaid by sale of lots or otherwise; that under this agreement Prefumo accepted the legal title, paid the purchase money, and in 1895 paid to the co-owners the money due them in lieu

of their interest; that at the date of the acquirement of the
legal title Prefumo took possession of the premises and he and
the plaintiff have held possession ever since, paying all taxes
assessed thereon; that defendants have paid nothing to Pre-
fumo since the conveyance to him of the legal title, and that
in April, 1902, Prefumo made a voluntary conveyance of the
premises to plaintiff, his wife, who took the same with full
knowledge of the facts hereinbefore found; that the amount
so paid by Prefumo under said agreement, with interest,
amounted at the time of the hearing of the cause to $2,518.58.

The court found as a conclusion of law that plaintiff was
the owner of the legal title, subject only to the condition that
on payment by defendants within a reasonable time of the
amount of $2,518.58, with interest from the date of the find-
ings, then said property should be conveyed by plaintiff to
defendants; and plaintiff's title to the property was quieted
and judgment entered accordingly.

It further appears in the record that plaintiff upon the
trial of the action filed with the clerk of the court a deed
conveying the said premises to defendants, to be delivered
upon the payment by defendants of the amount so found to
be due by the court. The action in which the judgment was
rendered was commenced in June, 1902. From this judg-
ment, and an order denying their motion for a new trial, de-
fendants appeal.

It is insisted by appellants that under the facts as found
by the court, the transaction between the parties amounted
only to a mortgage, and that the only remedy available to
plaintiff was in foreclosure; and the attention of the court is
called to a decision of the supreme court upon a former appeal,
reported in [148 Cal. 451, 83 Pac. 810], in which case it is
stated in the opinion that under the facts presented upon that
appeal, the conveyance to Prefumo was, in effect, only a mort-
gage and the only legal method of enforcing their claim there-
under was by foreclosure. That decision, however, was based
upon facts materially different and may not, therefore, be
regarded as the law of the case. (*McDonald* v. *McCoy,* 121
Cal. 55, [53 Pac. 421].) The effect, therefore, of this con-
veyance to Prefumo being an open question, we are of opinion
that under the authority of *Woodward* v. *Hennegan,* 128 Cal.
293, [60 Pac. 769], such title was not vested in Prefumo as

security only and therefore but a mortgage; "it was made for the purpose of finally having the title go to defendant, but in the meantime such title was held in trust for defendant and for security." This interpretation is proper when we consider that defendants never held the title, and under their agreement never were to be vested with title until the performance of certain conditions precedent. In fact, this appears to be the construction which defendants themselves gave to the transaction; for in their answer setting up their claims to the property they pray, "that plaintiff be decreed to hold said land as trustee for defendants to convey the same to said defendants or their assigns upon payment by them of the amount of said mortgage." The judgment from which this appeal is taken is in strict conformity to such prayer, and we think that the same was eminently proper, for it is the only relief to which defendants would have been entitled had they brought an original action to enforce the trust, even were it conceded that a tender of payment was not a prerequisite were such relief sought.

We see no prejudicial error in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.