[Sac. No. 1783.    Department One.—December 2, 1910.]

WIRT MILLSAP, Appellant, v. W. P. WILBUR, Respondent.

STREET ASSESSMENT—SIDEWALK.—Judgment affirmed on the authority of *Millsap* v. *Balfour, ante,* p. 711.

APPEAL·from a judgment of the Superior Court of Yolo County.   N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

E. B. Mering, for Appellant.

Hudson Grant, for Respondent.

SHAW, J.—This is an appeal by the plaintiff from a judgment refusing to allow him a lien upon the lot of the defendant under a street assessment.

The proceeding in which the assessment was levied was the same as that considered in the case of *Millsap* v. *Balfour,* (Sac. No. 1797), *ante,* p. 711, [112 Pac. 450], decided simultaneously herewith. The findings in this case show that the improvement ordered consisted of the construction of a concrete cement sidewalk along the south side of Clover Street from Wescott Street to Walnut Street in the city of Woodland, crossing First, Second, Third, Fourth, and College streets, and that the defendant Wilbur owned a lot on the north side of said street betweeen Second and Third streets.   It further showed that prior to the passage of the

resolution of intention to make this improvement, the city had given notice to the property-owners along the line of the street on each side thereof, that it intended to proceed to cause sidewalks to be constructed thereon, and gave them until October 1, 1905, within which to do the work in accordance with the directions of the city officials, and that in pursuance of this notice and order the defendant Wilbur and the other owners of the lots fronting on said street between First Street and Third Street had caused such sidewalks to be constructed on both sides of said street for the entire length of the said blocks. The assessment in question was levied upon all the lots fronting on said street between Walnut Street and Wescott Street, excepting those on the south side of the two blocks aforesaid upon which sidewalks had been already constructed, but including those on the north side thereof. The rate of assessment was $.2611 per front foot, and the portion assessed upon the lot of Wilbur was $48.54. The court below concluded that the lots upon the north side of these two blocks could not be assessed for this improvement, and denied the plaintiff any relief.

These facts bring the case within the principle laid down in the decision of *Millsap* v. *Balfour*, above mentioned.

Upon the authority of that decision the judgment is affirmed.

*Angellotti, J.*, concurred.

*Sloss, J.*, concurred in the judgment.