[Sac. No. 1797.  Department One.—December 2, 1910.]

WIRT MILLSAP, Respondent, v. DOUGLASS BALFOUR, Appellant.

STREET ASSESSMENT—SIDEWALK LAID ON OPPOSITE SIDE OF STREET— WALK ALREADY LAID BY OWNER OPPOSITE HIS LAND.—Land abutting upon a public street in a city, in front of which the owner had constructed at his own expense a sidewalk in pursuance of permission from the city council and to the satisfaction of the street superintendent, is not liable to an assessment, under the street improvement act commonly known as the "Vrooman Act" (Stats. 1891, p. 201), for the cost of a sidewalk subsequently laid by the city opposite such land on the other side of the street.

Id.—Law of Case—Additional Facts on Subsequent Appeal.—In an
action to enforce the lien of such an assessment, a decision on a
prior appeal merely to the effect that lots on one side of a street
could be lawfully assessed to pay the cost of a sidewalk laid on the
opposite side, where it is not shown that a sidewalk had been already
laid in front of such lots at the time the proceeding for the walk
on the opposite side was begun, is not the law of the case on a sub-
sequent appeal, except in so far as the facts are the same. The
prior decision is not a conclusive adjudication as to the validity of
the assessment on the subsequent appeal if the additional fact is
then shown that the sidewalk had been already constructed when
the proceeding for the work on the opposite side was begun.

Id.—Law of Case Does Not Include Obiter Dicta.—The doctrine of
the law of the case only extends to points presented by the record
on the prior appeal, and does not extend to mere *obiter dicta* con-
tained in the prior opinion, although based upon a fact asserted and
a point argued by counsel.

APPEAL from a judgment of the Superior Court of Yolo
County. N. A. Hawkins, Judge.

The facts are stated in the opinion of the court.

Hudson Grant, for Appellant.

E. B. Mering, for Respondent.

SHAW, J.—Appeal by defendant from a judgment fore-
closing the lien of a street assessment made under the act
commonly known as the "Vrooman Act," (Stats. 1885, c. 153).

The work for which the assessment was levied was the laying
of a concrete cement sidewalk five feet wide along the *south*
side of Clover Street in the city of Woodland from Westcott
Street to Walnut Street, a distance of six blocks, excepting
the portions thereof where concrete cement sidewalks had
already been constructed and accepted. Balfour owned a lot
abutting Clover Street on the *north* side, fronting thereon for
a distance of 186 feet, situated on the northwest corner of
First and Clover streets, opposite a part of one of the blocks
included in the improvement ordered. The work was ordered
by resolution adopted on January 21, 1907. Prior to that
date Balfour, at his own expense, had laid a concrete cement
sidewalk five feet wide in front of his lot, both on Clover
Street and on First Street. It was laid upon the official grade,

it complied with the specifications then required by the city, it was constructed in pursuance of permission from the city council, and on January 21, 1907, it was in perfect order and in a condition satisfactory to the street superintendent of the city.

The expenses of the sidewalk on the south side of Clover Street as ordered by the council under the Vrooman Act amounted to $1,179.67. The assessment therefor was made upon each and every lot fronting on Clover Street, those on the north side as well as those on the south, from Westcott Street to Walnut Street, excepting certain lots on the south side in front of which a sidewalk had been previously laid, but including all the lots on the north side, whether a sidewalk had already been laid in front of them or not. The Balfour lot was assessed for $48.54. Judgment of foreclosure for that sum and for costs was given.

This case was before this court on a former appeal by the plaintiff from a judgment for the defendant given upon the sustaining of his demurrer to the complaint (154 Cal. 303, [97 Pac. 668]). The judgment was reversed and the sum of $22.25 was thereupon taxed in the court below for the said plaintiff's costs upon said appeal. The judgment now appealed from declares that the defendant is personally liable for this sum.

The defendant contends, upon this appeal, that inasmuch as he had already, at his own expense, laid a sidewalk satisfactory to the street superintendent in front of his lot on the north side of the street, that lot could not be lawfully assessed for the cost of a sidewalk upon the opposite side. He also claims that the part of the judgment declaring him personally liable for the costs of the former appeal is erroneous.

1. Upon the first question the respondent claims that the decision upon the former appeal is the law of the case and is conclusive. The record upon that appeal consisted only of the complaint, the demurrer, and the judgment. There was nothing therein to show that Balfour had previously, or at all, constructed a sidewalk in front of his lot. That decision, so far as it was based on the record before the court, was merely to the effect that lots on one side of a street could be lawfully assessed to pay the cost of a sidewalk laid on the opposite side, where it is not shown that a sidewalk had been

already laid in front of such lots at the time the proceeding for the walk on the opposite side was begun. It is not the law of the case except in so far as the facts are the same. (*Sharon* v. *Sharon,* 79 Cal. 654, [22 Pac. 26, 131]; *Heidt* v. *Minor,* 113 Cal. 391, [45 Pac. 700]; *Klauber* v. *San Diego St. Car Co.,* 98 Cal. 107, [32 Pac. 876]; *Hibernia etc. Soc.* v. *Farnham,* 153 Cal. 583, [126 Am. St. Rep. 129, 96 Pac. 9]; *Jacks* v. *Deering,* 150 Cal. 275, [88 Pac. 909]; *Flood* v. *Templeton,* 152 Cal. 158, [92 Pac. 78]; *Ellis* v. *Witmer,* 148 Cal. 534, [83 Pac. 800].) Hence, as the record in the present case does show the fact that Balfour had previously constructed a sidewalk in front of his own lot, the former decision does not control. It has the force of a precedent, so far as it is applicable, but it does not constitute a conclusive adjudication of the law. It is true that counsel for Balfour, in his brief upon that appeal, asserted that he had laid a walk in front of his lot at his own cost, and argued that, under subdivision 11 of section 7 of the Vrooman Act, his lot must on that account be excepted from the assessment, and the court, in the opinion deciding the appeal, said that, even if the fact were as asserted, the lot would nevertheless be subject to assessment for half the cost of a walk laid on the opposite side. But this was a statement upon a point not presented in the record, and although it was upon a fact asserted and a point argued by counsel, it was not a decision having binding force as an adjudication of the law of the case. That doctrine does not extend to *obiter dicta.* (*Wixson* v. *Devine,* 80 Cal. 388, [22 Pac. 224]; *Oakland* v. *Carpenter,* 21 Cal. 667; *Gwinn* v. *Hamilton,* 75 Cal. 266, [17 Pac. 212]; *Ventura* v. *Clay,* 119 Cal. 215, [51 Pac. 189].) The question must be decided upon its merits and not upon the theory that it was settled by the former decision.

The law upon which the question depends is section 7 of the Vrooman Act, as amended in 1891. (Stats. 1891, p. 201; Deering's General Laws, 1909, p. 1290.) The portions of this section which bear upon the question, omitting the irrelevant clauses, are as follows:

Subd. 1. "The expenses incurred for any work authorized by this act . . . shall be assessed upon the lots and land fronting thereon, except as hereinafter specifically provided; each lot or portion of a lot being separately assessed, in pro-

portion to the frontage, at a rate per front foot sufficient to cover the total expense of the work."

Subd. 8. "Where any work mentioned in this act (manholes, cesspools, culverts, crosswalks, piling and capping excepted) is done on either or both sides of the center line of any street for one block or less, and further work opposite to the work of the same class already done is ordered to be done to complete the unimproved portion of said street, the assessment to cover the total expense of said work so ordered shall be made upon the lots or portions of the lots only fronting the portions of the work so ordered."

Subd. 10. ". . . Whenever any owner or owners of any lots and lands fronting on any street shall have heretofore done, or shall hereafter do, any work (except grading) on such street, in front of any block, at his or their own expense, and the city council shall subsequently order any work to be done of the same class in front of the same block, said work so done at the expense of such owner or owners shall be excepted from the order ordering the work to be done, as provided in subdivision eleven of this act; provided that the work so done at the expense of such owner or owners, shall be upon the official grade, and in condition satisfactory to the street superintendent at the time such order is passed." (Special provisions are made for grading work.)

Subd. 11. "The city council may include in one resolution of intention and order any of the different kinds of work mentioned in this act, and it may except therefrom any of the work already done upon the street to the official grade. The lots or portions of lots fronting upon said excepted work already done shall not be included in the frontage assessment for the class of work from which the assessment is made."

It appears clear that these provisions forbid the assessment of Balfour's lot for any portion of the expense of the work ordered to be done. He had previously laid a similar walk upon the official grade by permission of the council, and this walk was in a condition satisfactory to the street superintendent at the time the sidewalk on the opposite side of the street was ordered. The above-quoted provisions of subdivision ten had been literally complied with. The order in question provided in terms that a walk should be constructed "along the south side of Clover Street" for the specified dis-

tance "excepting such portions of said street as are required to be kept in order by any person or company having railroad tracks thereon, and also excepting such portions thereof where concrete cement sidewalks have already been constructed and accepted."

It may be admitted that the terms of the exception quoted, if construed without reference to the statute, would not cover the lot of Balfour upon the north side of the street, since the order itself was for a walk upon the south side only, and an exception of "portions" of that side would not exempt a lot on the north side. But the purpose of the exception in the order must have been to comply with the provisions of the statute on the subject, and it should be given that effect, if reasonably possible. And even if the exception does not, under any possible construction, include the plaintiff's lot, the law would nevertheless control, and if the facts are such as to bring the lot within the exemption of the statute, it would not be liable for any part of the cost of the walk, although not expressly excluded by the terms of the order.

Balfour had complied with the provisions of subdivisions 10 and 11, and was entitled to exemption thereunder, unless those provisions, so far as sidewalks are concerned, are intended to apply only in cases where the walk subsequently ordered is upon the same side of the street as that upon which the walk is already, in part, laid. But in view of the other provisions of the act, this could not possibly have been intended. At all events, if it was so intended, the effect would be that the law, as to such cases, would not be uniform in its operation, would work unequally, unfairly, and unjustly, and it would therefore be unconstitutional. An intent to make an unconstitutional law is not to be imputed to the legislature unless no other interpretation is reasonably possible. If the statute means this, then Balfour, and every person similarly situated, after having paid the whole cost of a walk in front of his lot on the side it abuts, will be compelled to pay one half of the walk ordered to be laid on the opposite side of the street in front of the opposite lot, while the owner of the opposite lot will be obliged to pay only one half of the cost of the walk on which his lot abuts and nothing for the opposite walk, or if we concede that such owner of the opposite lot might be assessed for one half of the cost of a walk

to complete the improvement on Balfour's side, whenever such completion is ordered, still he would pay only one half thereof, and the sum of his payments would only equal the cost of one walk for the length of his frontage, whereas Balfour, if he is not now exempt, will have to pay one and a half times the cost of a walk of that length. In other words, when the sidewalk is laid on both sides of the street, the man who has laid it in front of his own lot, at his own expense, before any proceedings are begun, will have paid three fourths of the total cost of his frontage, while his neighbor opposite will have paid only one fourth. A law which would cause this result would not operate uniformly on persons similarly situated with respect to it, and to that extent it would be invalid.

It is not necessary, however, to give it a construction which would have this effect. Of course, if we should hold that, under the first subdivision above quoted, where a sidewalk is ordered on only one side of a street, the whole cost thereof is to be assessed against the lots on that side only, the question here presented could not arise. The former decision in this case, being the "law of the case" to the extent that it holds that both sides may be assessed where no walk is already laid on the opposite side, we are bound to accept that rule, so far as the present decision is concerned. But if we concede, as we must under that decision, that in the case of a sidewalk on one side only of a street, the lots on the opposite side are to be considered as "fronting thereon" and consequently are to be assessed therefor according to such frontage, under the provisions of subdivision 1, then we must carry this meaning into the other portions of the section relating to the same subject. In this view, a lot fronting on either side is to be considered as fronting upon the whole street and assessable for a sidewalk upon the opposite side, equally with those on the side where it is laid. The necessary consequence is that where, in the part of subdivision 10 above quoted, the statute speaks of an owner of land "fronting on any street," who shall do any work (which includes a sidewalk), "in front of any block," and then refers to similar work afterwards ordered "in front of the same block," it must be understood to include a sidewalk subsequently ordered on the side opposite to the lot of such owner, as well as one on the same side. Likewise, in subdivision 11, the provision that the lots "fronting

upon said excepted work already done shall not be included, in the frontage assessment, for the work" subsequently ordered, must, in the case of a sidewalk, mean a lot on the side opposite to the side on which the walk is ordered, as well as a lot on the same side. If the lots across the street from a sidewalk ordered are to be considered as "fronting thereon," that is, on that work, for the purposes of assessment for the cost thereof, under subdivision 1, then, under subdivisions 10 and 11, such sidewalk ordered must be considered as "in front of the same block," and the work already done by the owner on the opposite side, must also be deemed to be work "in front" of the block on which the work is ordered, for the purpose of the exemption provided by the last-mentioned subdivisions. In contemplation of the statute the sidewalks on both sides of a street comprise the entire work of that class upon that street, and one who has properly performed at his own expense any part of such entire improvement is to be given credit for that much of the entire work by the exemption. Thus construed, the statute does not authorize any assessment upon Balfour's lot for the sidewalk ordered and laid on the side across the street opposite thereto, in front of which he had already laid a walk. We think it should receive the construction above stated and that no other would be reasonable or constitutional.

Possibly the same result would be brought about by subdivision 8 if it is applicable to the case. In this case the sidewalk ordered extended over several blocks, while the sidewalk previously laid by Balfour on the side opposite thereto was for less than one block. *San Diego Inv. Co.* v. *Shaw,* 129 Cal. 275, [61 Pac. 1083], involved the work of grading a street to the official grade, on the east side of the center line thereof, for a distance of seventeen blocks. The whole cost was assessed exclusively upon the lots fronting on the east side. The defendant owned one lot on that side. It did not appear that the grading on the west side had been already done. The court said: "the work was not done on one block or less, opposite work of the same class already done," and for that reason subdivision 8 was held not applicable, whether because the work *ordered* was for more than one block, or because no work had been already done on the opposite side is not made clear, but from the language of the

subdivision it must have been for the latter reason. The exemption of this subdivision, by its terms, applies to a lot on one side of a street in front of which a particular class of work is already done, "for one block or less," where further work of that class on the opposite side thereto is afterward *ordered* to be done, although the "further work" may extend to more than one block, and so far it undoubtedly includes the case of Balfour. The additional condition is imposed, however, that such "further work" must be "ordered to be done to complete the unimproved portion of said street." As the sidewalk here ordered was for one side only, and that the side opposite to Balfour's lot, it would not, of itself, entirely complete the sidewalking of the street for the entire length of the work ordered, but only one side thereof. But that is not what is meant by this subdivision, as applied to sidewalks. If it were, it would not apply to sidewalks at all, except where the "further work" ordered extended only the same distance along the street as the work already done opposite, or where it included both sides for the same block, at least. We cannot suppose that this limited application was the one intended. It would be an extremely rare occurrence, and the protection of the exemption could be easily evaded in most instances by extending the further work to a greater distance and improving each side by separate proceedings. Nor is there any necessity for giving it this effect. The words "to complete the unimproved portion of said street" may reasonably be held to refer to that section of the street in front of the work already done. If the work ordered has the effect, in connection with that already done, to complete the whole street for that section thereof, so far as that class of work is concerned, then the case comes within the protection of the statute and the lot in front of which the work is already done is exempt. In such case the assessment upon the lots fronting upon that section must be upon those fronting directly upon the work *ordered*, that is, upon the same side of such section. In this way the exemption will apply to all cases, and only in this way can substantial justice always be done, under this subdivision.

For these reasons we conclude that Balfour's lot, upon the facts found, was not liable for any part of the cost of the work ordered to be constructed and that the assessment

thereof was unauthorized and invalid. As this will require a reversal of the judgment, it is unnecessary to consider the clause therein declaring him personally liable for the costs of the former appeal.

The judgment is reversed.

Angellotti, J., concurred.

Sloss, J., concurred in the judgment.