[S. F. No. 14647. In Bank.—April 19, 1933.]

RALPH L. HUGHES, Plaintiff, v. HENRY C. KORNT-VED, Defendant and Respondent; J. A. BARDIN et al., Appellants.

J. A. Bardin and J. T. Harrington for Appellants.

Charles B. Rosendale and Edson G. Thomas for Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the defendant and cross-complainant in an action to quiet title. The complaint is in the usual form. The defendant answered, denying the plaintiff's ownership, and in his cross-complaint against one Lorentzen and others he alleged that he was the owner, and that the deed to the plaintiff's grantor, the cross-defendant Lorentzen, was intended only as a mortgage to secure the payment by the defendant of the sum of $7,500. The trial court found in favor of the defendant and cross-complainant and entered a decree allowing him two years from the entry of judgment to pay the sums due and if not so paid Lorentzen to have the right to

foreclose. The contention on this appeal is that the conclusion of the trial court that the deed to Lorentzen is a mortgage is not sustained by the findings or the evidence.

The facts briefly are these: Korntved was in possession of and desired to purchase some 520 acres of agricultural land and improvements in Monterey County owned by Stanley W. and Ethel Herbert, the purchase price of which was $5,000. At that time (1924) the land apparently had oil possibilities which were attractive to Lorentzen and his associates, who are the cross-defendants. The defendant Korntved did not have the purchase money nor the money to develop the land. He applied to Lorentzen, who agreed to advance the purchase money and $2,500 for improvements, take title in his own name, and enter into a written contract with Korntved by which the latter was to repay to Lorentzen and his associates the sum of $7,500 and receive a deed from the latter by which, also, Lorentzen and his associates were to reserve a proportion of the mineral rights in the property in consideration of the advances. The purchase price of $5,000 was paid to the Herberts and $2,500 to Korntved for improvements which were made, and Lorentzen took title from the Herberts on October 31, 1925. Subsequently and before any written contract between the parties to the cross-action was executed, Lorentzen conveyed to Ralph L. Hughes, the plaintiff herein. The written contract was never entered into between Lorentzen and Korntved for the reason that certain misunderstandings arose concerning the transfer to Hughes, who was proposed as a contracting party; also a dispute arose as to the nature and extent of the oil rights to be reserved. Korntved continued in his possession of the property. The present action was commenced in March, 1930, and judgment was entered on January 5, 1932.

The trial court found the foregoing facts; also that the contemplated contract between Korntved and Lorentzen was one of purchase and sale of the property involved. The court concluded that Korntved was the owner of the property subject to certain specified mineral rights of the cross-defendants; that the plaintiff had no title or interest in the property and that the cross-defendant Lorentzen "is the record title holder of the property as a mortgagee" to secure the repayment of the sum of $7,500 and other sums ad-

vanced for taxes found to be due, with interest, and which it decreed should be paid by Korntved within two years after entry of judgment; and that upon payment of the sums found to be due within said period, the defendant would be entitled to final judgment quieting title in him, but that otherwise the cross-defendant Lorentzen would be entitled to foreclose as in the manner provided for the foreclosure of mortgages.

The facts found by the trial court bring the case within the rule of *Woodard* v. *Hennegan*, 128 Cal. 293 [60 Pac. 769], in which an almost identical situation was presented. There the deed to land purchased by the defendant was taken by the plaintiff, who advanced the purchase price paid to the grantor. The legal title never was in the defendant. It was stated that the plaintiff possessed the rights of a seller as well as of a mortgagee, and this court said at page 301, quoting from *Campbell* v. *Freeman*, 99 Cal. 547 [34 Pac. 113]: "In such a case the grantee holds a double relation to the real purchaser—he is his trustee of the legal title to the land and his mortgagee for the money advanced for its purchase." The result in such cases is that the grantee, the trustee of the legal title, is not required to pursue his foreclosure rights upon nonpayment of the amount decreed to be due, but may have his title quieted as against the real purchaser who has repudiated or breached his contract. (*Woodard* v. *Hennegan, supra; Lamberson* v. *Bashore*, 167 Cal. 387 [139 Pac. 817]; *Prefumo* v. *Russell*, 10 Cal. App. 113 [101 Pac. 24]; *Hooper* v. *Young*, 10 Cal. App. 590 [102 Pac. 950]; *Doane* v. *California Land Co.*, 243 Fed. 67; 17 Cal. Jur., p. 752 et seq.)

In the present case the purchase price was $7,500, which the defendant may not refuse to pay before he may demand a conveyance to him. On the record presented we cannot say as a matter of law that the defendant has repudiated the contract so as to entitle the cross-defendant Lorentzen to a decree quieting title, unless the defendant pays the sums due within a reasonable period, which he urges is no more than sixty days. The evidence as to the time when the amount advanced should become due from the defendant is conflicting, that on behalf of the cross-defendants being to the effect that payment was already due, and that on behalf of the defendant being that he was

to have five years with an additional five years at his option. It also appears in evidence that the defendant Korntved had expended an additional $5,000 in improvements on the land, and the court so found. It would appear that the court was of the opinion that the defendant Korntved had not repudiated his contract, and that the period of two years allowed for payment was reasonable under all of the circumstances. We are not disposed to disturb this provision of the judgment.

A reversal, however, is not deemed necessary. A modification of the judgment would be in conformity with the cross-defendants' rights in the premises and would assure to the defendant all of the rights to which he is entitled. Accordingly the judgment is modified by striking therefrom the requirement that in the event the defendant, on or before January 5, 1934, fail to pay the sums found to be due, the cross-defendant Lorentzen may proceed to foreclose in the manner prescribed for the foreclosure of mortgages; and inserting in lieu thereof the provision that upon nonpayment of said sums by the defendant on or before January 5, 1934, the cross-defendant Lorentzen shall be entitled to a judgment quieting his title.

As so modified the judgment is affirmed, neither party to recover costs on appeal.

Seawell, J., Thompson, J., Preston, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.