## In re CAMPBELL.

### No. 3899.

District Court, S. D. California, N. D.

Oct. 14, 1940.

Willcox & Judson and Rupert B. Turnbull, all of Los Angeles, Cal., for bankrupt.

Edmund Nelson and Hugo A. Steinmeyer, both of Los Angeles, Cal., for creditor.

YANKWICH, District Judge.

Before me is an original petition filed on September 18, 1940, by the Corporation of America, creditor, for an order settling its account and authorizing foreclosure of a deed of trust.

The background of the litigation is more fully set forth in the opinion filed concurrently with this, 35 F.Supp. 97, on review of certain order of the Conciliation Commissioner, dated February 27, 1940.

The accounting submitted is subsequent to that covered by the accounting before the Conciliation Commissioner, the review of which I have just decided.

I am of the view that the creditor is entitled to have its account settled in accordance with the prayer of the petition and the showing made in open court on the hearing and that for the present, at least, its petition for leave to foreclose should be denied.

The only item objected to in this proceeding is the item of $3,630.13, which is claimed as an expense of management.

The reasonableness of the amount is not disputed.

The evidence before the Court shows clearly that the amount claimed is less than the standard charge made for management of properties of this character. The debtor objects to the allowance upon the ground that we are foreclosed from making an allowance of this character, because of the refusal of the Honorable George Cosgrave to make a similar allowance in his order of July 15, 1938, which has now become final. That order contains, among the items disallowed, the following: "(a) The total sum of $3,281.24, designated in said accounting as a charge for handling and superintending the operation of the property of the bankrupt".

In the memorandum decision [1] which preceded the making of the formal order, Judge Cosgrave gave this as his ground for decision:

"A further exception is made to the ruling of the Conciliation Commissioner rejecting a ten per cent charge for superintendence made by the creditor in farming the property. This exception is overruled for the respective rights of the parties are established by the agreement of June 28, 1934, *which provides only for the reimbursement of actual expenses.* Such charge is therefore necessarily excluded." (Italics added.)

It is insisted that this determination has become the law of the case and precludes the allowance of the sum now asked, which covers the period subsequent to that involved in that order. The principle of the law of the case aims to prevent relitigation of questions in the same action. It has been stated succinctly by the Supreme Court: "An actual decision of any question settles the law in respect thereto for future action in the case." Mutual Life Ins. Co. v. Hill, 1904, 193 U.S. 551, 554, 24 S.Ct. 538, 539, 48 L.Ed. 788.

The principle, harsh at times in its application, as it precludes judicial confession of error in previous rulings,—does not apply if the decision was made on the evidence and the evidence on the second hearing is different.

In other words, the prior decision is the law of the case only in so far as the facts are the same.

This is the rule in Federal courts. See Balch v. Haas, 8 Cir., 1896, 73 F. 974;

[1] No opinion for publication.

Crotty v. Chicago Great Western Ry. Co., 8 Cir., 1909, 169 F. 593; Patterson v. Stroecker, 9 Cir., 1917, 245 F. 732.

It is also the California rule. See Millsap v. Balfour, 1910, 158 Cal. 711, 720, 112 P. 450; Prefumo v. Russell, 1909, 10 Cal. App. 113, 101 P. 24.

■ Here, there is no claim of a *percentage for management*. The claim here is for money *expended* in management. There was, evidently, no proof of payment there. There is such proof here.

■ In view of the corporate character of the creditor, we must bear in mind the fact that in managing properties of this character, it must act through others. Law today follows modern business practice in taking into account the cost of superintendence. See my opinion in United States v. Standard Oil Co. of California, D.C.1937, 21 F.Supp. 645, 656. And certainly, where, as here, the debtor by agreement put the creditor in possession, with the right to operate and care for the property "and do all things which in *its absolute discretion* it shall deem necessary for the proper care, maintenance and protection thereof," the creditor should not be denied its actual expenditure for management and supervision.

As to the motion for leave to foreclose, the amounts in dispute, which the Court has settled by this order, are very substantial and may affect the ability of the debtor to redeem her property by tendering the amount due.

On the other hand, a decision which would make leave to foreclose dependent upon the finality of the accounting now ordered might, if made absolute, work unfairly for the creditor.

As I stated at the hearing, unless the creditor surrenders possession, this accounting will be followed by others, as to which disputes might arise, calling for a judicial determination. And finality *might never* be reached.

Under the circumstances, I feel that the matter should abide a reasonable time until the intention of the parties as to any further proceedings with respect to the orders made today is more readily ascertained.

■ The petitioning creditor may renew its application for leave to foreclose after the expiration of sixty days from date hereof. In the meantime, it shall stand enjoined from instituting any foreclosure proceedings.