[Sac. No. 1281.  Department Two.—February 12, 1906.]

ANTON JAEGEL, Respondent, v. ELLA JOHNSON et al., Defendants, Appellants.  MRS. ADA SULLAWAY et al., Interveners, Appellants.

HUSBAND AND WIFE—COMMUNITY PROPERTY—SUPPORT OF FINDING.—In an action to quiet title, brought by a grantee of the husband against the heirs of the wife, where the court found that a deed executed in the name of the wife in the year 1879, was community property, and not the separate property of the wife, *held*, upon a review of the evidence, that the finding was sufficiently supported.

ID.—IMPEACHMENT OF HUSBAND.—Where the husband testified that the lot was paid for by the wife, out of her own money, and he was impeached by proof of contrary statements, the court was justified in disregarding his testimony, and there being no other sufficient evidence that the property was the separate property of the wife, it was properly held to be community property.

ID.—HARMLESS RULINGS—COLLUSIVE JUDGMENT AGAINST HEIRS OF WIFE.—Exceptions to rulings of the court in relation to a judgment against the heirs of the wife, obtained by the respondent against the husband while acting as administrator of the estate of his deceased wife, whether erroneous or not, are of no consequence where the court found that the judgment was collusive, invalid, and void.

ID.—ASSERTIONS OF TITLE BY HUSBAND—UNIMPORTANT RULINGS—PROOF BY APPELLANTS.—Rulings allowing assertions of title by the husband after the death of the wife are unimportant and not prejudicial to the appellants, where the appellants themselves of their own motion before such rulings were made had proved such assertions of title, and other written declarations of the husband that the property was community property.

APPEAL from a judgment of the Superior Court of Tehama County and from an order denying a new trial. John F. Ellison, Judge.

The facts are stated in the opinion of the court.

Shanahan & Braynard, for Appellants.

Reid, Dozier & Carr, for Respondent.

McFARLAND, J.—This is an action to quiet title to a piece of land designated as lot 9 in block 25 of the city of Redding. The trial court rendered judgment in favor of plaintiff, and the defendants and interveners appeal from the judgment and from an order denying their motion for a new trial.

The respondent claims title through a deed, which on its face conveys the lot to him, executed by S. A. J. Eckles; and the appellants claim as heirs of Mrs. Electa L. Eckles, now deceased, who at the time of her death, and for many years prior thereto, was the wife of said S. A. J. Eckles. After the death of Electa, the husband, S. A. J. Eckles, conveyed the lot to respondent, the latter paying to the former in cash the full market value of the lot; but appellants contend that it was the separate property of the wife Electa, and passed at her death to her heirs. The court found that the lot was community property and not the separate property of the wife; and the question in the case is whether that finding can be sustained. On June 30, 1879, at which time the said S. A. J. Eckles and Electa Eckles were husband and wife, the title to said lot was in J. B. Haggin, and on that day he executed a deed conveying it to the wife, Electa. This was before the amendment of 1889 to section 164 of the Civil Code. The appellants put the husband, S. A. J. Eckles, on the stand as their witness, and he testified that the lot was paid for by his wife with her own money which she had at the time of the marriage, and that he did not directly or indirectly pay any part of the purchase money. But upon cross-examination, and for the purpose of impeachment, he was asked if he had not on various occasions made declarations to persons named, and at times and places designated, which were inconsistent with and contradictory of his testi-

mony, and to the effect that he was the owner of the lot, that he had paid for it with his own money, that Mrs Eckles never had any right to it, etc. There were various questions of that kind asked him on cross-examination; to some of these he answered that he did not remember, to others that he would not say that he did or not, and to others he answered in the negative. Respondent introduced evidence that he did make the statement inquired about to the persons and at the times and places named in the question. On this subject it is sufficient to say that the court below was justified in holding, as it evidently did hold, that the witness had been impeached, and that his testimony should be disregarded. And the court was justified in finding that, apart from the testimony of said Eckles, there was not sufficient evidence to maintain the proposition that the lot was paid for by the separate funds of the wife, and was not community property. The judgment and order must, therefore, be affirmed, unless the court, on the trial of the case, made erroneous rulings so prejudicial to appellants as to warrant a reversal. S. A. J. Eckles was appointed administrator of the estate of his deceased wife, and is still acting in that capacity, the administration being still pending; and most of the exceptions to rulings of the court related to a judgment obtained by respondent in a certain action brought by him against S. A. J. Eckles as administrator of the estate of his said wife Electa, which judgment respondent set up and claimed to be conclusive against her heirs. But the court found that said judgment was collusive, invalid, and void; and therefore the rulings above referred to, whether erroneous or not, are of no consequence on this appeal.

Appellants contend that the court erred in allowing respondent to introduce certain declarations and acts of the grantor S. A. J. Eckles in support of the latter's title to the lot; and that such declarations and acts were immaterial, incompetent, and, as they say, "self-serving." But most of these declarations and acts were within the line of impeachment for which a proper foundation had been laid: and to some of them there were no objections or exceptions. Respondent introduced over appellants' objections two or three mortgages made by S. A. J. Eckles of the lot in question after the death of his wife; and it may be that it was error

to allow these mortgages for the reason that they were acts and declarations tending to show an assertion of title by respondent's grantor, and were not admissible for that purpose—although Eckles' attention was called to them on his cross-examination. But these rulings were unimportant and not prejudicial to appellants because, before they were made, appellants themselves, of their own motion, had introduced evidence showing that Eckles had made such assertions of title. They had introduced nearly all the papers and proceedings in the estate of Electa Eckles, which showed that the inventory verified by S. A. J. Eckles did not contain said lot 9 as part of her separate estate. And, moreover, they introduced the whole of the deed from Eckles to respondent —only a part of which had been introduced by respondent when first presenting his case in chief—and this deed contained, among other things, this clause: "Said lot having been purchased by the party of the first part herein on June 30, A. D. 1879, and during his marriage with Electa L. Eckles, now deceased, from James B. Haggin, who at the request of the parties of the first part herein conveyed said lot to Electa L. Eckles, at that time the wife of the party of the first part herein; that the purchase price of said lot was paid by the party of the first part herein out of the funds acquired by him during the marriage of himself and said Electa L. Eckles, now deceased; that said premises was community property; that said Electa L. Eckles during her lifetime, and during said marriage acquired other real estate by gift or devise, all of which was her separate property and was administered on by the administrator of her estate, which estate is not as yet closed, no claim having been made by said administrator to the above-described premises, which, under and by virtue of section 1401 of the Civil Code of the state of California, vested in the party of the first part herein as the surviving husband of said Electa L. Eckles deceased." Indeed, the fact that S. A. J. Eckles claimed the said lot 9 as community property was not questioned; there was no evidence to the contrary; and appellants having themselves proved the fact, other evidence to the same effect afterwards introduced by respondent was of no consequence, and the conclusion of the court upon that subject must have been the same if the evidence objected to had not been introduced by

respondent. We see no other objections which touch matters important or prejudicial, and no other points necessary to be specially noticed. There is, therefore, no ground for disturbing the judgment or order appealed from.

Under the above views we need not consider respondent's contention that there is no properly presented or settled bill of exceptions in the transcript, and that there is nothing before the court other than the ordinary judgment-roll.

The judgment and order appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.