[S. F. No. 7252.   Department Two.—June 6, 1917.]

## O. G. FARNSWORTH et al., Respondents, v. K. S. CASHIN, Appellant.

PROMISSORY NOTE—UNEXECUTED AGREEMENT EXTENDING TIME OF PAYMENT.—In this action on a promissory note, it is held that an alleged agreement for an extension of the time of payment, which was pleaded as a defense, had never been executed; but, if regarded as an executed agreement, the defendant, by refusing to perform his part of the contract, was in no position to enforce any supposed rights under it.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

C. K. Bonestell, for Appellant.

Barnard & Watters, for Respondents.

MELVIN, J.—Defendant appeals from the judgment and from an order denying his motion for a new trial.

The action was on a promissory note for two thousand dollars and the judgment, which included costs and attorney's fee, was for $2,249.05.

The answer admitted the execution of the note for the amount due plaintiffs from defendant in consideration of services rendered by plaintiffs in the sale of certain land. It was alleged, however, in the answer that after the commencement of the action a writing had been executed by defendant and O. G. Farnsworth, one of the plaintiffs and copartner of the other plaintiff, J. H. Cluck, whereby the time of payment was extended and it was mutually agreed that defendant should execute a new note for $2,030, secured by a mortgage on specified real property and certain crops and that the suit should thereupon be dismissed. It was also averred that defendant tendered the note and mortgage to plaintiffs and that subsequently plaintiff, Cluck, without reason refused to sign the agreement. The purported contract was pleaded by copy as an exhibit.

It is contended that upon the showing made the trial of the case should have been continued until the date of the maturity of the note. It fully appears, however, upon the testimony of plaintiffs and of the lawyer, who drew the alleged agreement, that defendant left the contract in escrow with the note and mortgage to be delivered only upon condition that Mr. Cluck, who was absent from home during the preliminary negotiations between his coplaintiff and Mr. Cashin, would, upon his return to Fresno, attach his signature to the agreement. Mr. Cluck having refused to sign the instrument, defendant took the note and mortgage and left the attorney's office. A few days later he came back and asked for the agreement. At first the lawyer refused to surrender it because the copies of the instrument had been left in escrow, but upon plaintiff's statement that the "deal was off," and his assurance that he wanted the paper in order that he might show it to another lawyer, he was permitted to take it.

Clearly, the agreement never was executed. It was drawn for execution by both plaintiffs and the defendant never intended that it should become effective upon the signing of the instrument by one of the partners only. But even if we regard it as an executed agreement (which we can only do by overlooking the fact that the minds of the parties never met), the defendant by withdrawing the note and mortgage from escrow refused to perform his part of the contract, and therefore was in no position to enforce any supposed rights under it. No defense to the action was established. All that defendant succeeded in proving was an unsuccessful attempt to compromise the litigation.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.