[Civ. No. 4005. First Appellate District, Division One.—October 18, 1921.]

MINNIE A. STEERE, Respondent, v. FRANK BARNET, Sheriff, etc., et al., Appellants.

[1] HUSBAND AND WIFE—ACQUISITION OF PROPERTY IN JOINT NAMES—PRESUMPTION—REBUTTAL.—Under section 164 of the Civil Code, as it read in 1908, only a rebuttable presumption arose that any portion of the property conveyed to a husband and to his wife was the separate property of the wife; and in this action to enjoin the sale on execution, under a judgment obtained against the wife, of certain real property which had been conveyed to plaintiff and to her husband in 1908, but which was claimed to be exempt by reason of an alleged declaration of homestead filed by the husband, such presumption was disputed and overthrown by other evidence amply sufficient to justify the finding of the trial court that the property was community property when designated as a homestead.

[2] ID.—DEATH OF HUSBAND—ERRONEOUS INVENTORY—ESTOPPEL.—In such action, the plaintiff was not estopped from asserting the community nature of the property by reason of the fact that in the course of the administration of her husband's estate she returned an inventory in which she set out a one-half interest in the property as belonging to the estate, where such inventory was prepared by her attorneys, who did not understand the real nature of her interest in the property, and the error in the inventory was called to the attention of the probate court and it made an order setting apart the property to plaintiff as a homestead.

APPEAL from a judgment of the Superior Court of Alameda County. Fred V. Wood, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Cushing & Cushing for Appellants.

Walter H. Linforth for Respondent.

WASTE, P. J.—This is an action to enjoin the sheriff of Alameda County, and the First National Bank of San Francisco, an execution creditor, from selling, under execution sale, certain real property claimed to be exempt by reason of an alleged declaration of homestead, the validity

of which is the only issue in the case. Plaintiff obtained a judgment and defendants have appealed.

On October 8, 1898, Jesse E. Steere, now deceased, and Minnie A. Steere, the plaintiff, were married, and on June 24, 1908, were husband and wife. On that date, by deed designating "Jesse E. Steere and Minnie A. Steere, his wife, of the city and county of San Francisco, state of California, parties of the second part," they acquired the real property here in question. The plaintiff did not know that she was named as one of the grantees in the deed until some time later, when in conversation with her husband he informed her that the property was in her name, as well as in his. A dwelling-house was erected on the property. Both the lot and the house were paid for with the earnings of the husband after marriage. The parties continued to live on the premises and there raised their family. On July 12, 1915, Jesse Steere, the husband, then residing on the premises with his family, filed a declaration of homestead. Thereafter until his death, which occurred on the sixteenth day of September, 1918, he so resided, and following his decease the family has continued to live on the premises. On April 7, 1920, the First National Bank of San Francisco, one of the defendants here, obtained a judgment against this plaintiff, on a promissory note, for the sum of $2,785.59, and costs of suit. Thereafter the bank caused a writ of execution to be issued and placed in the hands of the defendant Barnet, sheriff of Alameda County. He levied on the homestead and advertised it for sale. This action was instituted by the plaintiff to enjoin the sheriff from proceeding under the execution, and to quiet her title to the property.

[1] The only issue on the appeal is whether or not the evidence is sufficient to justify the findings of the trial court that the property was acquired, and held until the death of the husband, as community property.

Appellants rely on the presumption laid down in section 164 of the Civil Code, which, at the time of the execution of the deed to respondent and her husband, provided that whenever any property was conveyed to a married woman and her husband, the presumption arose that the married woman took the part conveyed to her as a tenant in common, unless a different intention was expressed in the instrument

of conveyance. From the fact of such a conveyance, however, only a rebuttable presumption arose that any portion of the property was the separate property of the wife. (*Estate of Young*, 123 Cal. 337, 346 [55 Pac. 1011] ; *Fanning* v. *Green*, 156 Cal. 279, 282 [104 Pac. 308] ; *Volquards* v. *Myers*, 23 Cal. App. 500, 504 [138 Pac. 963].) In this case the presumption was disputed and overthrown by other evidence amply sufficient to justify the finding of the court that the property was community property when designated as a homestead. (Civ. Code, sec. 687; *Fulkerson* v. *Stiles*, 156 Cal. 703, 706 [26 L. R. A. (N. S.) 181, 105 Pac. 966] ; *Fanning* v. *Green, supra; Hammond* v. *McCollough*, 159 Cal. 639, 643 [115 Pac. 216].)

[2] In the course of the administration of her husband's estate, plaintiff, as executrix of the will of the deceased, returned an inventory in which she set out a one-half interest in the property as belonging to the estate. The explanation given by her is that she took the deed, by which the property was conveyed to herself and husband, to her attorneys, who, without explanation or inquiry, returned it as indicated, not understanding the real nature of her interest. The error in the inventory was called to the attention of the probate court, which thereafter made an order setting apart the property to the plaintiff as a homestead. Under the plain circumstances of the case the plaintiff was not estopped from asserting the community nature of the property by the statement in the inventory. (*Dean* v. *Parker*, 88 Cal. 283, 288 [26 Pac. 91].)

The judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 15, 1921.

All the Justices concurred.

Lawlor, J., was absent, and Richards, J., *pro tem.*, was acting.