[L. A. No. 10258. In Bank.—May 19, 1931.]

BEN HULSE, Plaintiff and Appellant, v. GERTRUDE B. LAWSON, Defendant and Appellant.

S. P. Williams and Dorsey G. Whitelaw for Plaintiff and Respondent.

C. L. Brown and Franklin J. Cole for Defendant and Appellant.

RICHARDS, J.—In this action there are two appeals, one by the plaintiff and the other by the defendant Gertrude B. Lawson, from the judgment rendered and entered therein, each of said parties appealing from that portion of the judgment of which they respectively complain. The action was one instituted by the plaintiff as the assignee of one A. W. Holdzkom, to obtain a judgment against both of said defendants decreeing that a certain deed of conveyance between Chester A. Lawson, grantor, and Gertrude B. Lawson, grantee, purporting to grant the premises involved in this controversy to the latter for and as her separate property, be set aside and adjudged fraudulent and void as against the plaintiff and other creditors of the defendant Chester A. Lawson; to have said lands and premises alleged to be the community property of the defendants in said action adjudged and declared to be subject to the lien of a certain judgment obtained by the plaintiff in this action against the defendant Chester A. Lawson; and to have it further decreed that the defendant Gertrude B. Lawson has no interest or estate of any kind or nature in said property or any portion thereof other than her community interest therein as the wife of said Chester A. Lawson.

The defendants appeared separately to controvert the material allegations of the plaintiff's complaint. We are not concerned with the answer of the defendant Chester A. Lawson, since he is not an appellant herein; but as to the answer of the defendant Gertrude B. Lawson it proceeds to set forth, with much of substance and detail, the sources of her separate right, title and interest in the whole of said property, and particularly in that portion thereof which is described as the south half thereof, the substance and effect

of her answer being the assertion that as to the whole of said property she is the owner thereof as her sole and separate estate, and that, so being, the said property cannot be subjected to the lien of the alleged judgment obtained by the plaintiff against her°husband, Chester A. Lawson. Upon the issues as thus framed the cause proceeded to trial and submission; whereupon the trial court made certain findings of fact and conclusions of law upon the basis of which it caused to be made and entered its judgment decreeing that as to the south half of said described ranch property the defendant Gertrude B. Lawson was the owner thereof as her sole and separate property and estate, and that the same was not to be subjected to the lien of the plaintiff in the action; but that as to the north half of said property, that portion thereof had become, by virtue of the facts found by the trial court to exist, the community property of Chester A. Lawson and Gertrude B. Lawson, and that as such it was to be subjected to the lien of the plaintiff in the action, acquired by virtue of his judgment theretofore obtained against the defendant Chester A. Lawson. The plaintiff appeals from that portion of the judgment decreeing the defendant Gertrude B. Lawson to be the owner of the south half of said ranch property as her sole and separate estate and relieving that portion of said property from the lien of the plaintiff's judgment. The defendant Gertrude B. Lawson appeals from that portion of the judgment decreeing that the conveyance made and executed by Chester A. Lawson of the whole of said property to his wife Gertrude B. Lawson was fraudulent and void as against creditors of Chester A. Lawson; and further decreeing that as to the north half of said property it had become and was the community property of said defendants and as such was to be subjected to the lien of the plaintiff's judgment against Chester A. Lawson. Both appeals are presented upon a single transcript and a single set of briefs of the respective parties and may, therefore, be treated as though it were a single appeal.

The trial court in its findings of fact reviewed the history of the acquisition of said property by the defendants Lawson as to both the south and north half thereof. It appears substantially from said findings that prior to the year 1917 one John Lyal, who was the stepfather of Gertrude B.

Lawson, had made an entry under the United States land laws upon certain ranch land and property in the county of Imperial, and that during the year 1916, while said Lyal was in the process of acquiring title to said land, he suggested to Mrs. Lawson his willingness to convey to her the south half of this property if she and her husband would proceed to occupy and farm the same. This they proceeded to do and as a result thereof, at some time prior to October 6, 1917, John Lyal made, executed and delivered to Mrs. Lawson a deed of gift to the south half of the land in question. This deed was never recorded and had apparently become lost, but sufficient proof of its existence having been made to the trial court it made its findings to the effect that by said deed Lyal had conveyed to Gertrude B. Lawson the south half of said property, and that from and after the date of said conveyance Gertrude B. Lawson had become and still continued to be the owner of the south half of said property as her sole and separate property and estate. The court further found that upon October 6, 1917, Lyal had made another conveyance whereby he had undertaken to convey the whole of the lands in question to C. A. Lawson and Gertrude B. Lawson in joint tenancy. The consideration for this conveyance and purchase price of the property described therein was the sum of $4,400. The grantees had no money and so, in order to provide for the payment of said sum and to provide for the development of the property, they executed a mortgage thereon to other parties for the sum of $3,300, of which sum they paid to the grantor $1300, and with the balance of said loan acquired water stock for the irrigation of the ranch and also proceeded to place certain improvements thereon. They gave their promissory notes to Lyal for the balance of the purchase price, which they expected to pay and did in fact pay through the earnings of Chester A. Lawson in plowing, leveling and grading other lands in that region. In order to carry on this work successfully and to enlarge his operations it became necessary that he should purchase such tractors, equipment and appliances as were necessary in doing contract work of that character, and hence it was that on or about March 1, 1921, he purchased from A. W. Holdzkom certain tractors and equipment for which he obligated himself to pay in the form of promissory notes, which were to be secured by his condi-

tional sales contracts for the purchase of said tractors, equipment and appliances. Thereafter and on or about December 30, 1922, the plaintiff herein purchased said promissory notes with their security from Holdzkom, paying the full face value of whatever remained due upon said promissory notes. In addition to these obligations Chester A. Lawson became involved in other and further indebtedness to the extent that in the early part of the year 1923 his liabilities, including the amount due to the plaintiff herein, aggregated approximately $16,000. In the meantime domestic difficulties had arisen between Chester A. Lawson and his wife so that, while not yet divorced, they became estranged, though still living upon and conducting said ranch property. On March 7, 1923, Chester A. Lawson undertook to convey to his wife Gertrude B. Lawson as her sole and separate property the entire ranch, with the understanding that she would continue to live with him as his wife, and that she would manage said property and from the proceeds derived therefrom undertake to pay his debts, including the amount of his indebtedness to the plaintiff herein. The trial court in dealing with this situation held this conveyance between Chester A. Lawson and his wife to have been one made without consideration and in contemplation of insolvency, and as a conclusion therefrom found said deed to be void as against the claims of Lawson's creditors, of whom the plaintiff herein was one. On March 21, 1925, there remained due as a balance upon the promissory notes then held and owned by the plaintiff the sum of $9,507.56, for which sum the plaintiff on that date instituted an action against Chester A. Lawson to recover, and in which action, on April 2, 1925, judgment was duly entered and docketed for the sum of $9,990.31, for which sum execution was duly issued and was returned unsatisfied. Thereupon and on May 12, 1925, the plaintiff instituted the present action against Gertrude B. Lawson, who in the meantime had obtained a divorce from her said husband, setting forth the foregoing facts, and praying that the deed of conveyance from Chester A. Lawson to Gertrude B. Lawson dated March 7, 1923, be set aside and adjudged fraudulent and void as against the plaintiff and other creditors of the defendant Chester A. Lawson, and that it be decreed that Chester A. Lawson and Gertrude B. Lawson are the owners of said

entire ranch property as community property and that the same should be subjected to the lien of the plaintiff's judgment in said former action, and that it be further decreed that Gertrude B. Lawson has no interest or estate of any kind in said property other than her community interest therein as the wife of Chester A. Lawson. In its findings of fact and conclusions of law herein the trial court, as heretofore stated, found that as to the south half of said ranch property the defendant Gertrude B. Lawson was the owner thereof as her separate property and that the same was not subjected to the lien of the plaintiff's judgment; but that as to the north half of said property that portion thereof was community property and as such was subjected to the lien of said judgment, and that as to the conveyance between Chester A. Lawson and his wife Gertrude B. Lawson dated March 7, 1923, it was fraudulent and void, and as a conclusion therefrom the court found that the plaintiff was entitled to have the lien of his judgment affixed to the north half of said property and that he have execution against the same for the enforcement of his aforesaid lien. From the judgment entered accordingly both parties, as we have seen, have prosecuted their separate appeals.

With respect to the south half of said property we are satisfied that the evidence introduced upon the hearing of said action sufficiently sustains the finding of the trial court to the effect that John Lyal conveyed that portion of the property to the daughter Gertrude B. Lawson by deed of gift, and that the same thus became and thereafter continued to be her sole and separate property and estate.

As to the north half of said property, while it is true that Lyal sold and conveyed the same to Chester A. Lawson and Gertrude B. Lawson as joint tenants thereof in the latter part of the year 1917 for the purchase price of $4,400, it is also true as found by the trial court that the first payment of $1300 upon the purchase price of said property was made from the proceeds of a mortgage placed thereon by the Lawsons and that as to the balance of the sum thus borrowed it was expended upon said property, and that the whole of the purchase price thereof was subsequently paid and said mortgage discharged through money derived from the earnings of Chester A. Lawson while engaged in the business of undertaking contracts for the leveling and grading of land and from the annual proceeds of the property

itself. It would thus appear that practically the entire purchase price of the property was derived from the community earnings and effort of Chester A. Lawson during the period when he and the appellant Gertrude B. Lawson were living together as husband and wife. It is further true, as found by the trial court, that the sums of money which were due from time to time from Chester A. Lawson to the plaintiff's assignor were for the purchase price of tractors, equipment and appliances used by him in the performance of the contract work from which the purchase price of said property was largely derived.

We are satisfied that from the foregoing facts the trial court was entitled to find, notwithstanding the terms of the original conveyance made by John Lyal to the Lawsons of said property as joint tenants, the same as to the north half thereof became and continued to be the community property of said spouses prior to and up to the time at least when Chester A. Lawson undertook to convey the same to his wife by the deed bearing date of March 7, 1923, as her sole and separate estate.

We are also satisfied that there are to be found in the record sufficient facts upon the basis of which the trial court was entitled to find that said last-named deed was fraudulent and void as to the then existing creditors of Chester A. Lawson.

The foregoing conclusions dispose of both appeals and lead inevitably to an affirmance of the judgment of the trial court, as against each and both of the appellants herein.

The judgment is affirmed.

Seawell, J., Shenk, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.