[Civ. No. 3011.   Fourth Dist.   Mar. 17, 1942.]

CHARLES TOMAIER, Respondent, v. MILDRED TOMAIER, Appellant.

Edward M. Selby for Appellant.

Alfred Siemon and Bennett Siemon for Respondent.

SCHOTTKY, J. pro tem.—Appellant wife appeals from a judgment granting respondent husband a divorce upon the ground of extreme cruelty, and making a division of the property of the parties. Appellant contends that the evidence is insufficient to support the finding of cruelty on her part, and that she was entitled to a divorce on her cross-complaint on the ground of desertion.

No useful purpose would be served by setting forth the somewhat sordid evidence in the case on the charges of cruelty and on the counter charge of desertion. No hard and fast rule of law can be laid down as to what particular facts must be proved in order to justify a finding that a spouse has undergone grievous mental suffering. A correct decision must depend upon the sound sense and judgment of the trial court. Therefore, in the case at bar, whether or not the acts and conduct of appellant inflicted grievous mental suffering upon respondent was a question of fact for the determination of the trial court from all the facts and circumstances in the case (*Barnes* v. *Barnes,* 95 Cal. 171 [30

Pac. 298, 16 L. R. A. 660] ; *Hansen* v. *Hansen,* 86 Cal. App.
744 [261 Pac. 503] ; *Shaw* v. *Shaw,* 122 Cal. App. 172 [9 Pac.
(2d) 876]) and a careful reading of the entire record con-
vinces us that there is ample evidence to support the con-
clusion that respondent was entitled to a divorce upon the
ground of extreme cruelty.

The trial court found that respondent and appellant
were the owners of the following property : Parcel 1. Lots 17 to
21, in Block 99, in the town of Mojave, leased to the Safe-
way Company and subject to an encumbrance in the sum of
$5,000.00. Parcel 2. A residence in Kansas City, Missouri.
Parcel 3. Money in escrow in the Bank of America, being
the proceeds from the sale of Lot 5, Block 100, in the town
of Mojave. Parcel 4. A Dodge, 1939 automobile coupe, house
trailer, household furniture and furnishings in possession
of respondent at Mojave.

The trial court further found that parcels 1, 2 and 3,
stood of record in the name of appellant and respondent as
joint tenants; and

"That the parties acquired said properties during their
marriage and that it was not the intention of the plaintiff
or of the parties that the defendant should be vested with or
become the owner of any interest in either of said properties
as her separate property; that said properties and each of
them were acquired with separate funds of plaintiff and with
community funds of plaintiff and defendant and not with
any separate funds of the defendant; that plaintiff never at
any time intended to make any gift to the defendant of any
right, title or interest in or to any of said properties of either
of them; that the interest in said properties which these par-
ties now own was acquired by them with the purpose and
intention that the same should be and become their com-
munity property; that the parties agreed to encumber and
did encumber said properties for the improvement of the
same for their common benefit and they agreed that the
community income should be applied to the improvement and
development of said properties for their common use and
benefit and that they never had any intention that said prop-
erties or any of the same should be improved or developed or
acquired for the benefit of the separate estate of the defend-
ant; and that the property referred to as parcel 4 is personal
property and the community property of the parties hereto."

The trial court then decreed that all of said property was

community property and awarded parcels 1 and 4 to respondent, parcel 2 to appellant, awarded appellant $1000.00 out of parcel 3, and respondent the balance of parcel 3, and awarded appellant $1850, to be paid by respondent at the rate of $50.00 per month, commencing at the entry of the final decree, without interest.

Appellant contends that the trial court erred in finding that parcels 1, 2 and 3 were community property, and argues that because said real property stood in the names of appellant and respondent as joint tenants, this finding cannot be sustained.

We must agree with this contention and hold that the trial court had no power to divide the property held in joint tenancy as though it were in fact community property. This is clearly held by our Supreme Court in *Siberell* v. *Siberell*, 214 Cal. 767 [7 P. (2d) 1003], there the court said, at page 773:

"First, from the very nature of the estate, as between husband and wife, a community estate and a joint tenancy cannot exist at the same time in the same property. The use of community funds to purchase the property and the taking of title thereto in the name of the spouses as joint tenants is tantamount to a binding agreement between them that the same shall not thereafter be held as community property but instead as a joint tenancy with all the characteristics of such an estate. It would be manifestly inequitable and a subversion of the rights of both husband and wife to have them in good faith enter into a valid engagement of this character and, following the demise of either, to have a contention made that his or her share in the property was held for the community, thus bringing into operation the law of descent, administration, rights of creditors and other complications which would defeat the right of survivorship, the chief incident of the law of joint tenancy. A joint tenancy in one estate and in it the rights of the spouses are identical and coextensive.

"Secondly, on its face section 164 has no application to a case where 'a different intention is expressed in the instrument' and it seems to us clear, as already pointed out above, that a joint tenancy, the evidence of which the law requires to be on the face of the conveyance creating it, is of necessity an expression of the intention to hold the property otherwise than as community property and that the equal interest

of the spouses must therefore be classed as their separate but joint estate in property." (See, *Estate of Harris*, 9 Cal. (2d) 649 [72 Pac. (2d) 873].)

Furthermore, we deem it proper to state that there is no evidence in the record that it was the intention of the parties that the property should be held other than in joint tenancy, so even if it were proper in such a case to show that there was such an intention, which we do not hold, there is no evidence to support it.

In view of the foregoing, that part of the judgment granting respondent an interlocutory decree of divorce upon the ground of extreme cruelty is affirmed, and that part of the judgment as to the division of the property is reversed. Costs of appeal to be borne by each party.

Barnard, P. J., and Marks, J., concurred.