[L. A. No. 18606. In Bank. Mar. 2, 1944.]

CHARLES TOMAIER, Appellant, v. MILDRED
TOMAIER, Respondent.

Alfred Siemon for Appellant.

Edward M. Selby for Respondent.

TRAYNOR, J.—Early in 1940 plaintiff Charles Tomaier brought suit against defendant Mildred Tomaier, seeking a divorce and an appropriate division of the community property. The complaint listed as community property real estate in Mojave, California, and in Kansas City, Missouri, stating that this land was "held in joint tenancy." Plaintiff was granted the divorce on the ground of extreme cruelty. (See Civ. Code, sec. 146.) The court found that all of this property was community property and awarded a substantial part of it to plaintiff. The District Court of Appeal reversed that part of the judgment dividing the property as community property. (*Tomaier* v. *Tomaier*, 50 Cal.App.2d 516 [123 P.2d 548].) On the retrial plaintiff sought to introduce evidence that the California property was acquired with community funds with the intention that it was to remain part of the community. The trial court excluded this evidence declaring that it would accept no evidence that any of the property was community property, and judgment was rendered holding that the property belonged to plaintiff and defendant as joint tenants. Plaintiff appeals, contending that he should have been permitted to prove that the property was community property even though the deeds named plaintiff and defendant as joint tenants.

Defendant, however, contends that the inadmissibility of such evidence was determined on the first appeal, and that this ruling became the law of the case. The opinion in that case, however, stated that "there is no evidence in the record . . . that the property should be held other than in joint tenancy. . . ." (*Tomaier* v. *Tomaier, supra,* at p. 520.) The issue raised on that appeal, therefore, was merely whether the trial court could divide as community property land acquired through deeds purporting to create a joint tenancy, in the absence of evidence of any intention to make it community property. The statement by the court that "the trial court had no power to divide the property held in joint tenancy as though it were in fact community property" is relevant to the determination of this issue, as is the portion of the opinion immediately following, containing a quotation from *Siberell* v. *Siberell,* 214 Cal. 767, 773 [7 P.2d 1003], to the effect that

the use of community funds to purchase a joint estate is the equivalent of an agreement that such funds pass from the community. Since there was no evidence concerning the intention with which the deed was executed, such language should not be construed as covering the uses that may be made of such evidence. Moreover, if such language were so broadly construed it would extend far beyond the issues before the court, and it is well settled that dicta do not become the law of the case. (*Millsap* v. *Balfour*, 158 Cal. 711, 714 [112 P. 450], and cases cited; *Wixson* v. *Devine*, 80 Cal. 385 [22 P. 224]; *Mulford* v. *Estudillo*, 32 Cal. 131; *Hammond* v. *McDonald*, 49 Cal.App.2d 671 [122 P.2d 332]; see *Cowell* v. *Snyder*, 171 Cal. 291, 298 [165 P. 920].) It is not, therefore, the law of the case that evidence may not be admitted to show that it was intended that the land in question remain community property despite the form of the deeds.

 It is the general rule that evidence may be admitted to establish that real property is community property even though title has been acquired under a deed executed in a form that ordinarily creates in the grantee a common law estate with incidents unlike those under the law of community property. Thus land may be shown to be community property even though it is granted to one spouse alone as his or her property in fee simple. (*Jaegel* v. *Johnson*, 148 Cal. 695 [84 P. 175]; *Hammond* v. *McCollough*, 159 Cal. 639 [115 P. 216]; *Hibernia Sav. & Loan Soc.* v. *DeRyana*, 210 Cal. 532 [292 P. 632]; *Estate of Cronvall*, 220 Cal. 503 [31 P.2d 372].) Again, it may be shown that husband and wife intended to take property as community property even though they accepted a deed drawn to them as tenants in common. (*Trimble* v. *Trimble*, 219 Cal. 340 [26 P.2d 477]; *Steere* v. *Barnet*, 54 Cal.App. 589 [202 P. 166].) It has in fact been held unequivocally that evidence is admissible to show that husband and wife who took property as joint tenants actually intended it to be community property. (*Hulse* v. *Lawson*, 212 Cal. 614 [299 P. 525]; *Jansen* v. *Jansen*, 127 Cal.App. 294 [15 P.2d 777]; see *Minnich* v. *Minnich*, 127 Cal.App. 1, 8 [15 P.2d 804]; *Horsman* v. *Maden*, 48 Cal.App.2d 635, 640 [120 P.2d 92].) Such rulings are designed to prevent the use of common law forms of conveyance to alter the community character of real property contrary to the intention of the parties. Moreover, it is well settled that property may be converted into community property at any time by oral agree-

ment between the spouses (*Kenney* v. *Kenney*, 220 Cal. 134 [30 P.2d 398]; *Estate of Watkins*, 16 Cal.2d 793, 797 [108 P.2d 417, 109 P.2d 1]; *Title Insurance etc. Co.* v. *Ingersoll*, 153 Cal. 1 [94 P. 94]; *Estate of Kelpsch*, 203 Cal. 613 [265 P. 214]), and an agreement at the time the property is acquired has the same effect. ▆ If the evidence establishes that the property is held as community property, however, it cannot also be held in joint tenancy, for certain incidents of the latter would be inconsistent with incidents of community property.

Defendant contends that *Siberell* v. *Siberell*, 214 Cal. 767 [7 P.2d 1003], establishes that such evidence is inadmissible. In that case property was purchased with community funds and taken in the name of husband and wife as joint tenants. This transaction took place in 1913, and in 1918 the property was granted by the husband to the wife alone. It was contended that the 1913 joint-tenancy deed passed a one-half interest in the property to the wife as her separate property and a one-half interest to the husband as community property, thus entitling the wife to three-fourths of the property. The court rejected this contention, stating that the property could not at once be a joint estate and community property, and that the shares of joint tenants are necessarily equal. It was also contended that the 1918 deed made the entire property the wife's separate property. In response to that argument, the court declared: "The court found that the deed of January 19, 1918, was not made by the defendant with the purpose or intent that the community character of said property should be changed so as to make it the separate property of the plaintiff. It is not disputed that the property was acquired with community funds, and the testimony of the defendant with reference to the circumstances under which the deed of 1918 was executed is sufficient evidence to support the finding that the property was community property. . . . In any state of the case, the court had the power to divide the property equally." (214 Cal. 774, 775.) The finding of the trial court that the property was community property following the execution of the 1918 deed was thus affirmed. The statement that "The use of community funds to purchase the property and the taking of title thereto in the name of the spouses as joint tenants is tantamount to a binding agreement between them that the same shall not thereafter be held as community property

. . ." should be understood as stating the applicable rule, only "in the absence of any evidence of an intent to the contrary." (*Delanoy* v. *Delanoy*, 216 Cal. 23, 26 [13 P.2d 513].) In its holding, as distinguished from its language, the Siberell case established only that whether such property is a joint estate or community property, the trial court in a divorce proceeding has the power to divide the property equally. *In re Kessler*, 217 Cal. 32 [17 P.2d 117], was likewise a case where there was no evidence that the property was taken by the spouses as joint tenants with the intention that it remain community property. The case of *Watson* v. *Peyton*, 10 Cal.2d 156 [73 P.2d 906], establishes only that the wife's "hidden intention not disclosed to the other party at the time of the execution of the instrument" is not admissible to prove that the parties intended that the property remain community property.

█ The plaintiff should have been permitted to introduce evidence that the property in Missouri, as well as in California, was purchased with community funds with the intention that it remain part of the community. █ Property rights are not lost simply because property is transported into another state and exchanged there for other property. (See 92 A.L.R. 1347; Rest. Conflict of Laws, sec. 260; Goodrich, Conflict of Laws [2d ed.] p. 325.) █ The separate property of a nonresident husband or wife invested in California land remains separate property (*Estate of Drishaus*, 199 Cal. 369 [249 P. 515]; *Estate of Arms*, 186 Cal. 554 [199 P. 1053]; *Estate of Frees*, 187 Cal. 150 [201 P. 112]; *Kraemer* v. *Kraemer*, 52 Cal. 302; *Estate of Niccolls*, 164 Cal. 368 [129 P. 278]; *Estate of Thornton*, 1 Cal.2d 1 [33 P.2d 1, 92 A.L.R. 1343]); conversely, the rights of California spouses are protected when community funds are invested in land in another state. Thus in *Depas* v. *Mayo*, 11 Mo. 314 [49 Am.Dec. 88], a husband who took community funds from Louisiana and invested them in Missouri land, taking title in his own name, was compelled to hold the title in trust to protect the wife's interest. Since Missouri would protect the respective interests of a husband and wife if community funds were invested in Missouri land without the wife's consent, it would certainly protect such interests when the Missouri property is acquired pursuant to an agreement between the parties that the property retain its community character.

Defendant contends that California courts lack jurisdiction to render a decree affecting title to land in Missouri. It is well settled, however, that a California court having jurisdiction over the parties can require them to execute conveyances to foreign land to insure a complete determination of the controversy before the court. (*Title Ins. & Tr. Co.* v. *California Dev. Co.*, 171 Cal. 173 [152 P. 542]; *Promis* v. *Duke*, 208 Cal. 420, 428 [281 P. 613]; *Tully* v. *Bailey*, 46 Cal. App.2d 195 [115 P.2d 542]; see *Taylor* v. *Taylor*, 192 Cal. 71 [218 P. 756, 51 A.L.R. 1074]; *Fall* v. *Eastin*, 215 U.S. 1 [30 S.Ct. 3, 54 L.Ed. 65].) Defendant contends further that plaintiff made no appropriate offer of proof that this property was community property. The trial court, however, declared that it would not admit evidence with regard to any of the property involved in the litigation. When the trial court states that it will not receive evidence, a specific offer of proof is not necessary and would be idle under the circumstances, and it therefore may be claimed that it was error to exclude such evidence. (*Caminetti* v. *Pacific Mut. L. Ins. Co.*, 23 Cal.2d 94, 100 [142 P.2d 741].)

Defendant contends that the pleadings are insufficient to raise the foregoing issues. The pleadings state not only that this property is community property, but also that it is "held in joint tenancy." They could hardly describe any situation but one where property was acquired under joint tenancy deeds with the intention that it be community property, and they were so understood by the parties and the court. (See Code Civ. Proc., sec. 452; *Gallagher* v. *California Pac. T. & T. Co.*, 13 Cal.App.2d 482, 485 [57 P.2d 195].)

The judgment is reversed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Schauer, J., concurred.