[Civ. No. 14398.  Second Dist., Div. One.  May 19, 1944.]

Estate of MAGGIE MAE WHITE, Deceased. VIOLET JONES, Appellant, v. BEN H. BROWN, as Public Administrator, etc., et al., Respondents.

Monta W. Shirley, Frank Hemminger, Benj. T. Weinstein for Appellant.

J. H. O'Connor, County Counsel, Wm. E. Lamoreaux, Deputy County Counsel, and Max M. Gilford for Respondents.

DORAN, J.—The appellant, Violet Jones, filed a petition for letters of administration in the matter of the estate of Maggie Mae White, deceased, with the will annexed, and the respondent Ben H. Brown, Public Administrator of the County of Los Angeles, filed a petition for letters of administration in said estate. The petitions came on for hearing and at the conclusion of the trial the court found that Maggie Mae White died June 13, 1942, intestate, and left neither spouse or issue surviving her; that Violet Jones is the niece of Will White, the previously deceased husband of Maggie Mae White, who died in June, 1936, and who left no issue surviving him; that said Violet Jones is a bona fide resident of the State of California, but that no portion of the estate of Maggie Mae White was community property of said decedent, and her previously deceased spouse Will White, or came to decedent from Will White by gift, descent, devise or bequest. The court further found that Violet Jones, not being entitled to share in said estate, is of the tenth class of persons entitled to administer under section 422 of the Probate Code, and that Ben H. Brown, public administrator, being of the eighth class of persons, is prior in right to Violet Jones; and the court thereupon ordered that the petition of Ben H. Brown, public administrator, for letters of administration of said estate, be granted and that the petition of Violet Jones be denied. From that order the petitioner Violet Jones appeals. Appellant contends that the findings of fact and conclusions of law in favor of the public administrator are not sustained by the evidence.

According to appellant, the estate of deceased Maggie Mae White consists of two parcels of real property in California valued at about $3,500 each, two parcels of real property in Arizona valued at about $2,200, $250 in cash, an automobile, household furniture and personal property.

Appellant contends that the evidence is conclusive that Maggie Mae White and Will White were in possession of community property, namely, their earnings while they were residing together; that Will White contributed some money for the purchase of the real property in question, and that Maggie Mae White received a portion of the property from her previously deceased husband, Will White, by gift through quitclaim deeds to his interest in the community real property.

The record reveals that the real property in California was acquired by Maggie Mae White by grant deeds to her. Section 164 of the Civil Code provides that, "whenever any real or personal property, or any interest therein or encumbrance thereon, is acquired by a married woman by an instrument in writing, the presumption is that the same is her separate property, . . . unless a different intention is expressed in the instrument." As respondent points out, the quitclaim deeds to Maggie Mae White, from her husband, purporting to convey such interest in the property as the said husband may have had, are insufficient to show that Maggie Mae White received a portion of said real property as a gift from her husband. Evidence as to the manner in which the real property in question was purchased is in conflict. The evidence does not conclusively show that any of the property of which Maggie Mae White died possessed was community property of herself and her previously deceased spouse or that any of said property came to decedent from said spouse by gift, descent, devise or bequest. The question of the character of the property of deceased was one of fact for the determination of the trial court (*Tomaier* v. *Tomaier*, 23 Cal.2d 754 [146 P.2d 905]); and the evidence sustains an inference that all of the property of deceased was her separate property, not derived from her previously deceased spouse by gift, descent, devise or bequest.

The order is affirmed.

York, P. J., and White, J., concurred.