[Civ. No. 13458.   First Dist., Div. Two.   Oct. 9, 1947.]

JACKSON L. WOOD, Appellant, v. THERESA NITTLER
WOOD, Respondent.

Edward E. Craig for Appellant.

Stanley R. Sterne for Respondent.

NOURSE, P. J.—In an action for divorce on the grounds
of cruelty the wife prevailed and had a judgment awarding
the home property to her as part of the community.  A short
time before the marriage the husband took title to the property
making a down payment and paid monthly installments both
before and after the marriage.  About two years later the
parties had marital difficulties and then the appellant trans-
ferred the property to his wife as her separate property.
The wife commenced an action for divorce which was dis-
missed and the parties returned to live together.  About this
time the respondent made a deed to the property transferring
it from herself to appellant and respondent as joint tenants.
On the trial of this action the respondent testified that it was

her intention and understanding that the effect of the deed was to give the property the status of community property and that though the deed contained the words creating a joint tenancy she did not know what that expression meant or that it was any different from community property.

The trial court found in accordance with this evidence that notwithstanding the words in the deed the parties intended to create a community interest only and therefore awarded the entire property to respondent.

On this appeal no attack is made upon this evidence or this finding of fact. The sole ground of appeal is that since under a joint tenancy the interests of husband and wife are separate property the trial court committed error in awarding all this property to the wife. This proposition the respondent concedes, but she goes further and argues that when the interests of husband and wife are in litigation the court is not bound by the language of the deed of conveyance but it may take evidence to discover the intentions of the parties as to their respective rights. The recent case of *Tomaier* v. *Tomaier,* 23 Cal.2d 754, 757 [146 P.2d 905], states all the rules of law applicable to this appeal. It would serve no purpose to give a recital of the oral testimony as its sufficiency is not questioned and it would serve no purpose to discuss or cite authorities, for the accepted rule that when the trial court has made a finding of fact on substantial and competent evidence such finding is binding upon the reviewing court. It is sufficient to cite at some length from the Tomaier case since the quotation following covers the only debatable question on this appeal.

"It is the general rule that evidence may be admitted to establish that real property is community property even though title has been acquired under a deed executed in a form that ordinarily creates in the grantee a common law estate with incidents unlike those under the law of community property. Thus, land may be shown to be community property even though it is granted to one spouse alone as his or her property in fee simple. (*Jaegel* v. *Johnson,* 148 Cal. 695 [84 P. 175]; *Hammon* v. *McCollough,* 159 Cal. 639 [115 P. 216]; *Hibernia Sav. & Loan Soc.* v. *DeRyana,* 210 Cal. 532 [292 P. 632]; *Estate of Cronvall,* 220 Cal. 503 [31 P.2d 372].)

"Again, it may be shown that husband and wife intended to take property as community property even though they accepted a deed drawn to them as tenants in common. (*Trimble* v. *Trimble,* 219 Cal. 340 [26 P.2d 477]; *Steere* v.

*Barnet,* 54 Cal.App. 589 [202 P. 166].) It has in fact been held unequivocally that evidence is admissible to show that husband and wife who took property as joint tenants actually intended it to be community property. (*Hulse* v. *Lawson,* 212 Cal. 614 [299 P. 525] ; *Jansen* v. *Jansen,* 127 Cal.App. 294 [15 P.2d 777] ; see *Minnich* v. *Minnich,* 127 Cal.App. 1, 8 [15 P.2d 804] ; *Horsman* v. *Maden,* 48 Cal.App.2d 635, 640 [120 P.2d 92].) Such rulings are designed to prevent the use of common law forms of conveyance to alter the community character of real property contrary to the intention of the parties.''

Judgment affirmed.

Goodell, J., and Dooling J., concurred.