[Civ. No. 4178. Fourth Dist. Nov. 2, 1951.]

CECIL C. IRWIN et al., Appellants, v. RUTH E. ZUVER et al., Respondents.

Harold A. McCabe for Appellants.

Robert L. Corfman for Respondents.

BARNARD, P. J.—This quiet title action involved the issue as to whether certain real property was owned by the plaintiffs as community property, or as joint tenants.

On May 5, 1931, the plaintiffs purchased the property under a written agreement signed by both, which provided that they were to receive the property as joint tenants with the right of survivorship. As a part of the down payment Mrs. Irwin conveyed another parcel of real property which stood in her name and which had previously been conveyed to her by Mr. Irwin, at a time when he was being pressed by his creditors. The remainder of the down payment was made with

Mr. Irwin's earnings since marriage, and some bonus money he received from World War I. In 1932, the property was deeded to the plaintiffs as joint tenants with the right of survivorship, subject to certain trust deeds. Subsequent payments were made from a joint bank account maintained by the parties, in which were placed rentals from the property and Mr. Irwin's earnings.

In a proceeding before the Industrial Accident Commission the defendant, in 1947, obtained an award against Mrs. Irwin. A judgment based on that award was later entered in the superior court and upon execution the interest of Mrs. Irwin in this property was sold to the defendant.

In this action which followed the plaintiffs alleged, among other things, that they acquired this property by a deed dated December 9, 1932, which was made to them as joint tenants; and "that said property was, now is and at all times since December 9, 1932, has been the community property of the plaintiffs." The court found that the statement just quoted was not true; that the plaintiffs acquired the property under a written contract whereby they agreed to purchase and hold it as joint tenants, with the right of survivorship; that certain other real property standing in the name of Mrs. Irwin, and also bonus money received by Mr. Irwin from World War I, had been applied on the purchase price; that subsequent payments had been made from a joint bank account maintained by these parties; and that since their first written agreement to purchase this property as joint tenants there has never been any agreement of any kind between them with respect to changing it from joint tenancy to any other form of property. As conclusions of law, it was found that this property is not the community property of the plaintiffs; that prior to the time of the execution sale to the defendants the plaintiffs held the property as joint tenants with the right of survivorship; that the defendant is entitled to enforce her rights as purchaser at the execution sale; and that judgment should be entered in her favor. Judgment was entered accordingly, and the plaintiffs have appealed.

The appellants contend that the intention of the parties at the time of acquiring the property is the controlling issue to be determined in such a case; that this intention may be determined by the testimony of the parties; that the testimony here conclusively shows that this was community property; that the judgment of the court was based upon a misconception of the law; that this appears from "the opinion of the

trial court''; and that such an opinion may be considered for the purpose of explaining the findings and showing the basis of the court's decision.

It is well settled that evidence is admissible to show that the parties intended to take property as community property, although it was conveyed to them by a joint tenancy deed; that parol evidence is admissible to establish their real intent; that property may be converted into community property by oral agreement; and that an agreement at the time property is acquired has the same effect. (*Tomaier* v. *Tomaier*, 23 Cal.2d 754 [146 P.2d 905]; *Huber* v. *Huber*, 27 Cal.2d 784 [167 P.2d 708].) It has been held, however, that the hidden intention of one party ''not disclosed to the other party at the time of the execution of the instrument'' is not even admissible to prove that they intended that the property would remain community property. (*Tomaier* v. *Tomaier*, 23 Cal.2d 754 [146 P.2d 905]; *Watson* v. *Peyton*, 10 Cal.2d 156 [73 P.2d 906].)

The appellants acquired this property under a written agreement providing that it should be conveyed to them as joint tenants with the right of survivorship, and the subsequent deed conveyed the property in that manner, as required by the original contract. Strong presumptions naturally arise from these written instruments, and a considerable part of the purchase price came from funds and property which, so far as the evidence shows, was the separate property of the parties. The oral evidence introduced for the purpose of showing a different intention was unsatisfactory, to say the least. Mr. Irwin testified that this property was taken in the name of himself and his wife as joint tenants; and that he had never changed it from that joint tenancy to any other form. While he testified that at the time the deed was made he had no intention of giving his wife any interest in the property, he did not claim that his wife was informed as to what his intentions were and he said nothing concerning his intention at the time the agreement to buy the property was executed. He further testified that when the deed was made he instructed the title company to make the deed out in both their names. Mrs. Irwin testified that she had never discussed with her husband whether this property was to be taken in joint tenancy, as community property or as his separate property, and that there had been no discussion between them of any kind in this regard. While she testified that she considered that her husband owned the property, she also said that the joint tenancy must have been made so that ''in case of death

I would automatically receive the home," and that "I was happy to have it that way."

It rather clearly appears that the parties had never discussed the matter in question; that Mrs. Irwin understood the situation as disclosed by the deed, and was satisfied to let it remain that way; and that for some 16 years Mr. Irwin had failed to express or disclose any other intention. While oral evidence was admissble to show an intention contrary to that apparently disclosed by the written instruments, some substantial evidence was required to establish such a contrary intent. The question presented was one of fact. If it could be assumed that a contrary conclusion could have been reached, the evidence as a whole does not justify or require a reversal.

It is further argued that the judgment was based upon a misconception of law, which is disclosed by the opinion of the trial court. There was no "opinion" of the court in the sense relied on. At the close of the evidence the court acceded to a request to have the matter submitted on briefs, and made some suggestions as to the matters he desired to have briefed. In so doing, he stated that it was then his understanding that where property which was held in joint tenancy was to be converted into community property there must be some express oral agreement between the spouses; that there had never been any discussion at all between these parties; and that he doubted whether the fact that some community property had gone into the property in question was sufficient, in itself, to "take it out of the status of joint tenancy and make it community property." The matter was then submitted on briefs and later decided. Aside from other considerations which need not be discussed, there is nothing to show that the findings subsequently made were based on any misconception of law, or that they were not based entirely upon the evidence presented after considering the briefs filed. The controlling questions of fact were decided by the court and it cannot be held, as a matter of law, that the findings are without evidentiary support.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied November 20, 1951, and appellants' petition for a hearing by the Supreme Court was denied December 20, 1951.