[Civ. No. 18509. Second Dist., Div. One. Dec. 12, 1951.]

MAURICE L. LYONS, Respondent, v. RUTH L. LYONS, Appellant.

John F. Poole and Henry F. Poyet for Appellant.

Harry E. Sokolov and Philip Feldman for Respondent.

DORAN, J.—This is an appeal from an interlocutory judgment of divorce granted to the plaintiff on the ground of extreme cruelty, and dividing certain real and personal property found by the trial court to be community property. The judgment assigned to plaintiff a one-half interest in community homestead, furnishings and automobiles; but assigned to plaintiff absolutely, restaurant property known as the "Toby Jug," life insurance, and stocks and bonds.

It is appellant's contention that the judgment should be reversed because, (I) "The divorce should have been denied by reason of recriminatory acts committed by the respondent"; (II) "The trial court erred in finding that" the "Toby Jug," held in joint tenancy, was community property; (III) "The trial court grossly abused its discretion in the division of the community property," and (IV) "The trial court committed prejudicial error by the admission of evidence over the objection of counsel."

The trial court found that "especially during the last several months preceding the filing of this action," the de-

fendant wife had entered the Toby Jug restaurant conducted by the plaintiff husband, and ''on numerous occasions drank to excess, and . . . created disturbances by shouting, both at the plaintiff and at the patrons of the restaurant, by using threats and profanity.'' The wife was also found to have ''frequently and without cause or provocation, accused plaintiff (husband) of association with other women and of infidelity.'' These acts were found to have ''caused plaintiff great harm and injury mentally and physically and caused plaintiff to suffer irreparable financial loss in the conduct of his business, and caused plaintiff to lose considerable patronage.'' The court found that the allegations of cruelty on the part of the plaintiff husband were untrue.

Appellant's contention that ''The divorce should have been denied by reason of recriminatory acts committed by the respondent,'' is in effect nothing more than an attack on the sufficiency of the evidence. Certain items of evidence are set forth in appellant's brief in support of this point. However, as said in respondent's brief, the trial court ''chose to believe the respondent's witnesses and after weighing the weight and sufficiency of the evidence rendered a just decision in accordance with its discretionary powers.''

The trial judge might conceivably have found that the plaintiff was entitled to a divorce; that the defendant cross-complainant was entitled to a divorce; or that neither party was entitled to such relief. And, under the well established rule, an appellate tribunal would be obliged to sustain such a finding where the record disclosed substantial evidence in support thereof. In the instant case, as in most litigation of this type, there was a direct conflict in the evidence. Each party made serious accusations against the other and offered evidence to sustain such allegations. There can be no doubt that the present record reveals substantial evidence in support of the trial court's finding that the husband was entitled to a divorce.

Appellant's argument that the trial court erred in finding that the Toby Jug restaurant property held under a joint tenancy deed, was actually community property, is answered by the respondent's statement that ''The Court may look behind the common law form of joint tenancy and find that the 'Toby Jug' was community property.''

As said in *Cummins* v. *Cummins*, 7 Cal.App.2d 294, 304 [46 P.2d 284], ''Moreover, a conveyance of property to a husband and wife as joint tenants does not necessarily, and

under all circumstances, preclude the idea of their holding the same as community property." And in *Tomaier* v. *Tomaier*, 23 Cal.2d 754, 757 [146 P.2d 905], the court said: "It is the general rule that evidence may be admitted to establish that real property is community property, even though title has been acquired under deed executed in a form which ordinarily creates in the grantee a common law estate with incidents unlike those under the law of community property."

The Tomaier case further says: "It has in fact been held unequivocally that evidence is admissible to show that husband and wife who took property as joint tenants actually intended it to be community property."

There was testimony which, if believed, would indicate that the property in question was acquired as a result of the commingling of community funds, the husband's separate property, and profits derived from investment and business enterprises. Appellant relies upon the presumption created by section 164 of the Civil Code that property "acquired by a married woman by an instrument in writing," is presumed to be "her separate property," but concedes that "this presumption is rebuttable."

The trial court in a memorandum opinion states that "Under the circumstances shown by the evidence in this case it would seem almost an impossibility to separate the earnings of the community from what might be determined to be separate property of the plaintiff." The question therefore was merely one of fact which the trial court resolved in favor of the respondent by finding that the property was community in nature regardless of the technical form in which it was held. Since there is substantial evidence to support such conclusion, no appellate interference is warranted.

There is nothing in the record to indicate that the trial court "abused its discretion in the division of the community property." Under section 146 of the Civil Code, the community property is to be divided "in such proportions as the court, from all the facts of the case and the condition of the parties deems just." Appellant's present complaint of abuse of discretion is apparently predicated upon the argument that the evidence was in conflict and that the trial court should have believed appellant's version rather than accepting that of respondent. This, again, amounts to a mere attack on the sufficiency of the evidence, and for reasons previously given, does not warrant a reversal.

It is claimed that "The trial court committed preju-

dicial error by the admission of evidence over the objection of counsel for appellant.'' The ''most glaring'' error, according to appellant's brief, occurred in permitting respondent's counsel to ask respondent: ''Will you explain why . . . the Toby Jug property, was put in the name of yourself and your wife in joint tenancy? Was it on your own volition.'' It is submitted that the question is leading or suggestive, but it is conceded that ''counsel for appellant did not object to this question at the trial but his objections to leading questions . . . being overruled previously, it would constitute a continuing objection.'' *Balcom* v. *Growers Warehouse Co.*, 55 Cal.App. 474 [204 P. 39], does not support appellant's contention that no objection was required, but merely holds that when an objection has been overruled, and the identical question is repeated and answered by the witness, it is not necessary to renew the objection or move to strike the answer. ■ Moreover, as pointed out in respondent's brief, the trial court has a broad discretion in allowing leading questions. No clear abuse of this discretion has been pointed out in the instant case.

Other alleged errors in the admission of evidence have been pointed out. These assignments relate to questions said to call for inferences and conclusions of the witness, to alleged hearsay evidence, cross-examination, testing a witness' memory, and other matters. An examination of the record in reference to such matters, fails to disclose any error of a prejudicial nature. There is, in fact, nothing to indicate that appellant had other than a fair trial, and as hereinbefore indicated, there is substantial evidence in support of the decision rendered by the trial court. There is no merit in the claim that ''the appellant was denied the opportunity to present her case and to be heard.''

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 7, 1952.