MOORE, Judge.
This is an appeal from a final judgment of dissolution of marriage. We have considered all points on the appeal and cross-appeal and with the exception indicated below find them to be without merit.
As part of the final judgment the trial court concluded that the parties should own two pieces of real estate as tenants in common. With respect to the marital domicile we find no error; however, the same is not true with respect to that certain California real estate of which the husband was the sole, beneficial owner. At the time of this appeal said property had been sold. In his final judgment, the trial court stated:
“4. That the husband and wife shall own the real property located in Portola Valley, California as tenants in common. Husband is to have exclusive use and possession for one year from the date of this order. After the one year period this Court will, upon proper Petition, enter a formal order of partition and sale pursuant to statute.”
Upon reviewing the transcript it appears that the trial court, sua sponte, determined that California’s community property law was applicable to the disposition of the property located in California. In doing so the court stated:
“Well, unless I hear something to the contrary, I am treating both properties as owned jointly by the parties by the entir-eties, under the operation of the law of California as to the' parties, within the State of California, as to that parcel of property. That being so, gentlemen, the division thereof is impractical and impossible, and there is no legal basis for it except by partition.”
Although the source of funds for acquisition of this California property was disputed, no finding was made by the trial court as to whose funds were actually utilized in obtaining the property.
While Florida courts are required to take judicial notice of the common law and statutes of all sister states, such judicial notice can only be taken after one party has raised the issue of foreign law through the pleadings, thereby providing the other party with reasonable notice. Movielab, Inc. v. Davis, 217 So.2d 890 (Fla. 3d DCA 1969). This was not done in the instant case and, therefore, the trial court’s reliance on California’s community property law was improper. See also, Lanigan v. Lanigan, 78 So.2d 92 (Fla.1955). The law of the foreign state cannot be the basis for a trial court’s ruling unless such law has been raised through the pleadings.
The mere fact that the real property is located in California does not necessarily mean that its disposition will be controlled by principles of community property. For example, it has been held that when the separate property of a nonresident husband or wife was invested in California real estate, the real estate remained the separate property of the spouse who purchased it. Tomaier v. Tomaier, 23 Cal.2d 754, 146 P.2d 905 (1944); In Re Marriage of Mix, 14 Cal.3d 604, 122 Cal.Rptr. 79, 536 P.2d 479 (1975). Had California law been raised in the pleadings in the instant case, the parties would then have been prepared to address such issue. The sua sponte application of California law by the trial court denied the parties this opportunity as they had no reason to foresee that it would be relevant.
The appellee, wife, suggests that the disposition of the California property is proper under Florida law as part of the award of lump sum alimony. It is quite clear from the final judgment and the transcript that the disposition of the California property was not intended as lump sum alimony. The final judgment provided for $1,683,-000.00 as lump sum alimony and an award to the wife of an interest in the California property was totally distinct from the monetary award, and it is apparent that the award of an interest in such property was based solely on the trial court’s erroneous application of California law.
That portion of the final judgment which awards to the appellee an interest in the appellant’s California real property is reversed. In all other respects the final judgment is affirmed.
*843 AFFIRMED in part; REVERSED in part.
CROSS, J., concurs.
DAUKSCH, J., concurs in conclusion only.