**D. D. WILLIAMS, Independent Executor and Trustee, Appellant,**

**v.**

**Mabel S. McKNIGHT, Appellee.**

**No. 3979.**

Court of Civil Appeals of Texas.

Eastland.

May 21, 1965.

Rehearing Denied June 11, 1965.

Peery, Wilson & Jameson, Wichita Falls, Thornton & Thornton, Rick P. Fisher, Olney, for appellant.

Nelson, Montgomery & Robertson, Ernest Robertson, Wichita Falls, for appellee.

COLLINGS, Justice.

D. D. Williams, independent executor and trustee of the will and estate of James N. McKnight, Jr., deceased, brought suit against Mabel S. McKnight, a widow, under the Uniform Declaratory Judgment Act seeking a judgment determining that one-half of $30,000.00 in community funds deposited in savings and loan accounts by James N. McKnight, Jr. and his wife Mabel S. McKnight, subject to survivorship agreements, was in fact the property of James N. McKnight, Jr. as his share of the community property at the time of his death. The case was submitted to the court upon an agreed statement of facts and judgment was rendered in favor of the defendant Mabel S. McKnight. D. D. Williams, independent executor and trustee, has appealed.

The agreed statement of facts shows that James N. McKnight, Jr. and his wife, Mabel S. McKnight, using their community funds undertook to create three joint tenancy accounts with rights of survivorship in accordance with written agreements signed by both the husband and wife. Each of such joint tenancy accounts was in the sum of $10,000.00, and the parties upon depositing such community funds executed agreements in writing, and each agreement contained language to substantially the same effect as the following quoted from the agreement accompanying the deposit of $10,000.00 of the community funds of the parties in The City National Bank of Wichita Falls, Texas, to-wit:

"It is hereby declared by the undersigned that the funds now in this account or which may hereafter come into this account from any sources whatsoever are, and shall be, the property of the undersigned jointly and severally and are to be paid by the City National Bank to us or to either of us in the absence of the other or to any person or persons duly authorized by us or either

of us to receive them, or any portion of them and receipt therefor. In the event of the death of either of us, the funds shall be payable to the survivor, and in the event of the death of the survivor, the funds shall be payable to the administrator, executor, heirs, assigns or legal successors of such survivor, and at all times, the funds in this account, or any part thereof shall be paid by the City National Bank to the person or persons so entitled to draw them, regardless of the original ownership of the moneys so deposited."

Following the death of James N. McKnight, Jr. appellee, Mrs. McKnight, withdrew all of the funds from each of said accounts and claimed such funds as her sole property and estate. Appellant, as executor and trustee under the will of James N. McKnight, Jr. then brought this suit to recover one-half of the balance of each such account at the death of James N. McKnight, Jr. contending that it was community property belonging to the estate of said decedent. It is to be noted that all of the community funds which went into the accounts under consideration were in existence at the time of and were included in the original deposits. We are, therefore, not here concerned with and do not attempt to pass upon the status of deposits of community funds which might thereafter have "come into" said accounts.

Appellant presents one point of error contending that the court erred in rendering judgment for Mrs. McKnight. Appellant urges that under Article XVI, Section XV of the Constitution of the State of Texas, Vernon's Ann.St., a survivorship agreement between husband and wife concerning community property, without more, cannot have the effect of creating separate property interests in and to such property in the parties.

Article 16, Section 15 of the Texas Constitution, defines the separate property of the wife as being that owned or claimed by her before her marriage and that acquired afterward by gift, devise or descent. In 1948 Section 15 was amended to permit partition of community property. The portion of that amendment relating to the matter under consideration is as follows:

" * * * provided that husband and wife, without prejudice to pre-existing creditors, may from time to time by written instrument as if the wife were a fem sole partition between themselves in severalty or into equal undivided interests all or any part of their existing community property, or exchange between themselves the community interest of one spouse in any property for the community interest of the other spouse in other community property, whereupon the portion or interest set aside to each spouse shall be and constitute a part of the separate property of such spouse.

This Amendment is self-operative, but laws may be passed prescribing requirements as to the form and manner of execution of such instruments, and providing for their recordation, and for such other reasonable requirements not inconsistent herewith as the Legislature may from time to time consider proper with relation to the subject of this Amendment."

At common law, one of the principal types of concurrent ownership of property was joint tenancy, under which all the tenants held together, in the theory of the law, but one estate. Each joint tenant owned conjointly with the other cotenants, and each was regarded as the tenant of the whole for purposes of tenure and survivorship. "The chief incident of 'joint tenancy' is right of survivorship." Tomaier v. Tomaier, 50 Cal.App.2d 516, 123 P.2d 548, 549; Vol. 23, Words and Phrases.

Article 2580, Vernon's Ann.Tex.Civ.St. abolished joint tenancies in Texas as that type of estate existed at common law.

When the Probate Code was adopted in 1955, that statute was brought forward into that code as Section 46, which section at that time provided as follows:

"Where two (2) or more persons hold an estate, real, personal, or mixed, jointly, and one (1) joint owner dies before severance, his interest in said joint estate shall not survive to the remaining joint owner or joint owners, but shall descend to, and be vested in, the heirs or legal representatives of such deceased joint owner in the same manner as if his interest had been severed and ascertained. Provided, however, that by an agreement in writing of joint owners of property, the interest of any joint owner who dies may be made to survive to the surviving joint owner or joint owners, but no such agreement shall be inferred from the mere fact that the property is held in joint ownership."

On May 15, 1961, Section 46 was amended by an addition of the following provision:

"It is specifically provided that any husband and his wife may, by written agreement, create a joint estate out of their community property, with rights of survivorship."

Appellant contends that Article 16, Section 15 of the State Constitution, provides the exclusive means by which a married woman under Texas law may acquire property separate from that acquired and owned by the marital partnership of herself and her husband; that the provision of the Constitution to the effect that a husband and wife may partition between themselves all or any part of their community property contemplates a present division of the community property vesting separate property immediately upon execution of the partition agreement; that the Legislature is without power to modify or enlarge upon the methods provided by the Constitution for acquisition of separate property by a married woman and that a survivorship agreement between a husband and wife concerning community property as here under consideration and as provided by Section 46 of the Texas Probate Code, as amended, does not meet the requirements set out in Article 16, Section 15 of the Texas Constitution. In support of his contention appellant relies upon Hilley v. Hilley, 161 Tex. 569, 342 S.W.2d 565. We cannot agree with appellant's contention that a survivorship agreement between a husband and wife concerning existing community property as provided for by Section 46 of the Texas Probate Code as amended, does not meet the requirements set out in Article 16, Section 15 of the Texas Constitution. We are also unable to agree with appellant's contention that such survivorship agreements concerning existing community property made subsequent to and in accord with Section 46 of the Probate Code are prohibited by the holding of our Supreme Court in Hilley v. Hilley, supra.

The opinion in Hilley v. Hilley was on January 25, 1961, before the amendment to Section 46 of the Probate Code as hereinbefore set out. It was held by our Supreme Court that under the Constitution property acquired by a wife during marriage in any manner other than by gift, devise or descent, purchase with separate funds, *or partition as authorized by applicable statutory provisions* does not and cannot be made to constitute her separate property. It was noted that community property might be partitioned in the manner provided in Article 4624a and that the portion of such community property set apart to each spouse thereafter became separate property of such husband and wife; that the wife as provided in Article 4614 then had the sole management, control and disposition of her separate property and could contract in connection therewith, without the joinder of her husband, and that in such cases there was no legal reason for saying that a husband and wife could not make an effective

survivorship agreement covering property separately owned by either or both.

It is to be noted that at the time of Hilley v. Hilley the provisions of Section 46 related to an agreement in writing between joint owners of property in general, and did not mention community property of a husband and wife. In this connection it was stated by our Supreme Court as follows:

"We do not think the Legislature in amending Article 2580 (Sec. 46) intended to modify other statutes and provide that separate ownership might result from a transaction which does not meet the requirements of Articles 4613, 4614, 4619, 4624a and 881a–23."

Thereafter the Legislature amended Section 46 of the Probate Code specifically stating that any husband and his wife may by written agreement create a joint estate out of their community property with rights of survivorship. Article 16, Section 15 of the Constitution provides that a husband and wife may by written instrument, as if the wife were a feme sole, partition between themselves in severalty or into equal undivided interests all or any part of their existing community property. Our Supreme Court in Hilley v. Hilley recognized this right of a husband and wife to partition their property but held that the procedure provided by the statutes of this State as above indicated should be complied with in accomplishing such a partition. The court said:

"The power of the husband and wife to transmute their community property into property held by the spouses in joint tenancy with right of survivorship has been recognized in other community property jurisdictions where the question has arisen. See Annotation 30 A.L.R.2d 1241. As will be pointed out later, we are inclined to the view that the marital partners also have that power in Texas, but

the question to be decided here is whether they may accomplish this result by purchasing securities or other property and having the same conveyed or transferred to them as joint tenants with right of survivorship."

There can be no question but that the holding in Hilley v. Hilley indicates that Article 16, Section 15 of the Constitution, empowers a husband and wife to transmute their community property into property held by the spouses in joint tenancy with the right of survivorship. The court held, however, that the provisions of Section 46 of the Probate Code as it then existed were not intended to repeal Article 4624a, V.A.T.C.S. which prescribed the "requirements as to the form and manner of the execution of such instruments" providing for a partition of community property; that since the requirements of Article 4624a were not complied with there was no valid and effective partition of the community property there involved, and that the stock acquired with such community property was the community property of the parties.

■ In our opinion the amendment of Section 46 of the Probate Code in 1961 and after Hilley v. Hilley provided another statutory method by which a husband and wife have the power to transmute their community property into property held by them in joint tenancy with right of survivorship. We hold that Section 46 is not unconstitutional. Article 16, Section 15 of the Constitution, provides for partition of community property. It also provides that laws may be passed "prescribing requirements as to the form and manner of execution of such instruments * * *". In our opinion the provisions of the amendment to Section 46, heretofore set out, is a law "prescribing requirements as to manner and form" as contemplated by the Constitution. Appellant's points urging to the contrary are overruled.

The judgment is affirmed.